1  DEAN BROWNING WEBB, ESQUIRE, WASH SBN # 10735
   ATTORNEY AND COUNSELOR AT LAW
2  THE LAW OFFICES OF DEAN BROWNING WEBB
   515 EAST 39ᵗʰ STREET
3  VANCOUVER, WASHINGTON ZIP CODE 98663-2240
   (Application for Non-Resident Attorney/Pro Hac Vice Admission Submitted
4      Simultaneously Herewith)

5  TELEPHONE: [503] 629-2176
   ELECTRONIC MESSAGING ADDRESS: ricoman1968@aol.com
6
7  JOSEPH L. PITTERA, ESQUIRE, CALIF STATE BAR NO. #170660
   THE LAW OFFICES OF JOSEPH L. PITTERA
8  2214 TORRANCE BOULEVARD, SUITE 101
   TORRANCE, CALIFORNIA 90501
9  TELEPHONE: [310] 328-3588
   FACSIMILE:  [310] 328-3063
10 ELECTRONIC MESSAGING ADDRESS: evlam2000@aol.com

FILED#170660
CLERK, U.S. DISTRICT COURT
AUG 10 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

11     *ATTORNEYS AND COUNSELORS AT LAW FOR PLAINTIFF:*

12     *EAST WEST TRADING GROUP, LLC, a Florida limited liability*
       *corporation*

13

14

15                *UNITED STATES DISTRICT COURT*

16                *CENTRAL DISTRICT OF CALIFORNIA*

17               *LOS ANGELES – WESTERN DIVISION*

18 *EAST WEST TRADING GROUP,*      ) CIVIL NO.: **CV11-6554-GW**
   *LLC, a Florida limited liability*  )                        (RZx)
19 *corporation,*                  )
                                    ) *DEMAND FOR JURY TRIAL*
20               *Plaintiff,*       )
                                    ) *COMPLAINT RE:*
21     *vs.*                        )
                                    ) *RACKETEER INFLUENCED AND*
22 *DEUTSCHE BANK USA, a German*   ) *CORRUPT ORGANIZATIONS ACT OF*
   *Aktiengesellschaft; DEUTSCHE*  ) *1970 ["RICO"][TITLE 18 UNITED*
23 *BANK (SCHWEIZ) AG, a German*   ) *STATES CODE §§ 1961(1), 1961(3),*
   *Aktiengesellschaft; ALWADO*    ) *1961(4), 1961(5), 1962(a), 1962(b),*
24 *HOLDING GMBH, a German*        ) *1962(c), 1964(a), 1964(b),*
   *Gesellschaft mit beschrankter* ) *and 1964©)*
25 *Haftung; WALDMAR PEPSIK;*      )
   *DORATHEA BAHSEN; AVALON*       ) *RE: MULTIPLE RICO PRIMARY,*
26 *OVERSEAS HOLDINGS, a*          )      *SECONDARY, DERIVATIVE, and*
   *private trust; AVALON OVERSEAS* )     *CONSPIRACY LIABILITY RE:*
27

28     *COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
       *ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON*
       *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

1  *HOLDING TRUST, a private trust; and, WILLIAM JAMES ROUSH,*

) *PINKERTON v UNITED STATES,*
) *328 U.S. 640 (1946); RICO*
) *CONSPIRACY TO AID and ABET;*
) *RICO AIDING and ABETTING*
) *RICO CONSPIRACY; and, RICO*
) *AIDING and ABETTING RICO*
) *SUBSTANTIVE PRIMARY*
) *CONTRAVENTION*
) *RE:*
)
)*FOR PRIMARY CONTRAVENTION OF*
) *RICO § 1962(c)OF THE*
) *RACKETEER INFLUENCED*
) *AND CORRUPT*
) *ORGANIZATIONS ACT OF 1970*
) *["RICO"][TITLE 18 U.S.C.*
) *§1962©)];*
) *FOR AIDING AND ABETTING*
) *PRIMARY CONTRAVENTION OF*
) *RICO§1962©)*
) *OF THE RACKETEER*
) *INFLUENCED AND CORRUPT*
) *ORGANIZATIONS ACT OF 1970*
) *["RICO"][TITLE 18 U.S.C.*
) *§1962©)];*
) *FOR RESPONDEAT SUPERIOR*
) *LIABILITY ARISING FROM*
) *PRIMARY CONTRAVENTION OF*
) *RICO §1962©) OF THE*
) *RACKETEER INFLUENCED AND*
) *CORRUPT ORGANIZATIONS ACT*
) *OF 1970 ["RICO"]*
) *[TITLE 18 U.S.C. §1962©)];*
) *FOR RICO SECTION 1962(d)*
) *[TITLE 18 U.S.C.§1962(d)]*
) *CONSPIRATORIAL LIABILITY*
) *FOR CONTRAVENTION OF RICO*
) *§ 1962©) OF THE RACKETEER*
) *INFLUENCED AND CORRUPT*
) *ORGANIZATIONS ACT OF 1970*
) *["RICO"][TITLE 18 U.S.C.*
) *§1962©)]*
) *PINKERTON DOCTRINE*
) *[Pinkerton v.United States, 328 U.S.*
) *640 (1946)];*
) *FOR PRIMARY CONTRAVENTION*
) *OF RICO §1962(b) OF THE*
) *RACKETEER INFLUENCED AND*
) *CORRUPT ORGANIZATIONS ACT*
) *OF 1970 ["RICO"]*
) *[TITLE 18 U.S.C. §1962(b)];*
) *FOR AIDING AND*

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

2

1        ) *ABETTING PRIMARY*
      ) *CONTRAVENTION OF RICO*
2        ) *§1962(b) OF THE RACKETEER*
      ) *INFLUENCED AND CORRUPT*
3        ) *ORGANIZATIONS ACT OF 1970*
      ) *["RICO"][TITLE 18 U.S.C.*
4        ) *§1962(b)];*
      ) *FOR RESPONDEAT SUPERIOR*
5        ) *LIABILITY ARISING FROM*
      ) *PRIMARY CONTRAVENTION OF*
6        ) *RICO § 1962(b) OF THE*
      ) *RACKETEER INFLUENCED AND*
7        ) *CORRUPT ORGANIZATIONS ACT*
      ) *OF 1970 ["RICO"]*
8        ) *[TITLE 18 U.S.C. §1962(b)];*
      ) *FOR RICO § 1962(d) [TITLE 18 U.S.C.*
9        ) *§1962(d)] CONSPIRATORIAL*
      ) *LIABILITY FOR*
10       ) *CONTRAVENTION OF RICO*
      ) *§ 1962(b) OF THE RACKETEER*
11       ) *INFLUENCED AND CORRUPT*
      ) *ORGANIZATIONS ACT OF*
12       ) *1970 ["RICO"] [TITLE 18 U.S.C.*
      ) *§1962(b)] PINKERTON DOCTRINE*
13       ) *[Pinkerton v.United States, 328 U.S.*
      ) *640 (1946)];*
14       ) *FOR PRIMARY CONTRAVENTION*
      ) *OF RICO §1962(a) OF THE*
15       ) *RACKETEER INFLUENCED AND*
      ) *CORRUPT ORGANIZATIONS ACT*
16       ) *OF 1970 ["RICO"]*
      ) *[TITLE 18 U.S.C. §1962(a)];*
17       ) *FOR AIDING AND*
      ) *ABETTING PRIMARY*
18       ) *CONTRAVENTION OF RICO*
      ) *§1962(a) OF THE RACKETEER*
19       ) *INFLUENCED AND CORRUPT*
      ) *ORGANIZATIONS ACT OF 1970*
20       ) *["RICO"][TITLE 18 U.S.C.*
      ) *§1962(a)];*
21       ) *FOR RESPONDEAT SUPERIOR*
      ) *LIABILITY ARISING FROM*
22       ) *PRIMARY CONTRAVENTION OF*
      ) *RICO § 1962(a) OF THE*
23       ) *RACKETEER INFLUENCED AND*
      ) *CORRUPT ORGANIZATIONS ACT*
24       ) *OF 1970 ["RICO"]*
      ) *[TITLE 18 U.S.C. §1962(a)];*
25       ) *FOR RICO § 1962(d) [TITLE 18 U.S.C.*
      ) *§1962(d)] CONSPIRATORIAL*
26       ) *LIABILITY FOR*
      ) *CONTRAVENTION OF RICO*
27

28     *COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

3

§ 1962(a) OF THE RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS ACT OF
1970 ["RICO"] [TITLE 18 U.S.C.
§1962(a)] PINKERTON DOCTRINE
[Pinkerton v.United States, 328 U.S.
640 (1946)];
FOR IMMEDIATE DISSOLUTION
OF RICO ENTERPRISE AND
PERMANENT EXPULSION OF
RICO PERSONS FROM
RICO ENTERPRISE
PURSUANT TO
RICO §1964(a)-(b) [TITLE
U.S.C. §1964(a)-)b)] OF THE
RACKETEER INFLUENCED
AND CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"];
FOR IMMEDIATE DISSOLUTION
OF RICO ENTERPRISE AND
PERMANENT EXPULSION
OF RICO PERSONS FROM
RICO ENTERPRISE PURSUANT
TO RICO § 1964(b) [TITLE U.S.C.
§1964(b)] OF THE RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS ACT OF
1970 ["RICO"] AND RULE 65
OF THE FEDERAL RULES
OF CIVIL PROCEDURE;
FOR IMMEDIATE DISSOLUTION
OF RICO ENTERPRISE
AND PERMANENT EXPULSION
OF RICO PERSONS FROM
RICO ENTERPRISE PURSUANT
TO RICO 1964(a) [TITLE U.S.C.
§1964(a)] OF THE RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS ACT OF 1970
["RICO"] AND RULE 64 OF
THE FEDERAL RULES OF CIVIL
PROCEDURE;
FOR IMMEDIATE DISSOLUTION
OF RICO ENTERPRISE
AND PERMANENT EXPULSION
OF RICO PERSONS FROM
RICO ENTERPRISE PURSUANT
TO RICO §1964(b) [TITLE U.S.C.
§1964(b)] OF THE RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS ACT OF 1970
["RICO"];

COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON
DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)

4

)  **FOR IMMEDIATE DISSOLUTION**
)     **OF RICO ENTERPRISE**
)     **AND PERMANENT EXPULSION**
)     **OF RICO PERSONS FROM**
)     **RICO ENTERPRISE**
)     **PURSUANT TO**
)  **RICO § 1964(b) [TITLE 18 U.S.C.**
)  **§1964(b)] OF THE  RACKETEER**
)  **INFLUENCED AND CORRUPT**
)  **ORGANIZATIONS ACT OF 1970**
)  **["RICO"]AND RULE 65 OF THE**
)  **FEDERAL RULES OF CIVIL**
)  **PROCEDURE;**
)  **FOR IMPOSITION OF APPROPRIATE**
)     **ORDERS OF DIVESTITURE**
)     **PURSUANT TO**
)  **RICO § 1964(b) [TITLE 18**
)  **UNITED STATES CODE**
)  **§1964(b)] OF THE  RACKETEER**
)  **INFLUENCED AND CORRUPT**
)  **ORGANIZATIONS ACT OF**
)  **1970 ["RICO"] AND RULE 64 OF**
)  **THE FEDERAL  RULES OF**
)     **CIVIL PROCEDURE;**
)  **FOR IMPOSITION OF APPROPRIATE**
)     **ORDERS OF DIVESTITURE**
)     **PURSUANT TO**
)  **RICO § 1964(a) [TITLE 18**
)  **UNITED STATES CODE**
)  **§1964(a)] OF THE  RACKETEER**
)  **INFLUENCED AND CORRUPT**
)  **ORGANIZATIONS ACT OF**
)  **1970 ["RICO"] AND RULE 64 OF**
)  **THE FEDERAL  RULES OF**
)     **CIVIL PROCEDURE;**
)  **FOR EX PARTE TEMPORARY**
)     **RESTRAINING ORDER RELIEF**
)     **re: ENJOIN  PENDING**
)     **LITIGATION PURSUANT TO**
)  **RICO § 1964(a) [TITLE 18 U.S.C.**
)  **§1964(a)] OF THE  RACKETEER**
)  **INFLUENCED AND CORRUPT**
)  **ORGANIZATIONS ACT OF 1970**
)  **["RICO"]AND RULE 65 OF THE**
)  **FEDERAL RULES OF CIVIL**
)     **PROCEDURE;**
)  **FOR EX PARTE TEMPORARY**
)     **RESTRAINING ORDER RELIEF**
)     **re: ENJOIN  PENDING**
)     **LITIGATION PURSUANT TO**
)  **RICO § 1964(b) [TITLE 18 U.S.C.**
)  **§1964(b)] OF THE  RACKETEER**

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) <u>PINKERTON</u> DOCTRINE CONSPIRACY, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)**

1   ) *INFLUENCED AND CORRUPT*
    ) *ORGANIZATIONS ACT OF 1970*
2   ) *["RICO"]AND RULE 65 OF THE*
    ) *FEDERAL RULES OF CIVIL*
3   ) *PROCEDURE;*
    ) *FOR ENTRY OF PRELIMINARY and*
4   ) *PERMANENT INJUNCTIVE*
    ) *RELIEF PURSUANT TO*
5   ) *RICO § 1964(a) [TITLE 18 U.S.C.*
    ) *§1964(a)] OF THE  RACKETEER*
6   ) *INFLUENCED AND CORRUPT*
    ) *ORGANIZATIONS ACT OF 1970*
7   ) *["RICO"]AND RULE 65 OF THE*
    ) *FEDERAL RULES OF CIVIL*
8   ) *PROCEDURE;*
    ) *FOR ENTRY OF PRELIMINARY and*
9   ) *PERMANENT INJUNCTIVE*
    ) *RELIEF PURSUANT TO*
10  ) *RICO § 1964(b) [TITLE 18 U.S.C.*
    ) *§1964(b)] OF THE  RACKETEER*
11  ) *INFLUENCED AND CORRUPT*
    ) *ORGANIZATIONS ACT OF 1970*
12  ) *["RICO"]AND RULE 65 OF THE*
    ) *FEDERAL RULES OF CIVIL*
13  ) *PROCEDURE;*
    ) *FOR RICO §1962(d) [TITLE 18 U.S.C.*
14  ) *§1962(d)] CONSPIRATORIAL*
    ) *LIABILITY FOR*
15  ) *CONTRAVENTION OF RICO*
    ) *§1962©) OF THE RACKETEER*
16  ) *INFLUENCED AND CORRUPT*
    ) *ORGANIZATIONS ACT OF*
17  ) *1970 ["RICO"][TITLE 18 U.S.C.*
    ) *§1962©)] PINKERTON DOCTRINE*
18  ) *[Pinkerton v.United States, 328 U.S.*
    ) *640 (1946)] re: CONSPIRACY TO*
19  ) *CONCEAL;*
    ) *FOR RICO §1962(d) [TITLE 18 U.S.C.*
20  ) *§1962(d)] CONSPIRATORIAL*
    ) *LIABILITY FOR*
21  ) *CONTRAVENTION OF RICO*
    ) *§1962(a) OF THE RACKETEER*
22  ) *INFLUENCED AND CORRUPT*
    ) *ORGANIZATIONS ACT OF*
23  ) *1970 ["RICO"][TITLE 18 U.S.C.*
    ) *§1962(a)] PINKERTON DOCTRINE*
24  ) *[Pinkerton v.United States, 328 U.S.*
    ) *640 (1946)] re: CONSPIRACY TO*
25  ) *CONCEAL;*
    ) *FOR  AIDING  AND  ABETTING*
26  ) *RICO CONSPIRACY*
    ) *RICO SECTION 1962(d)*
27

28   *COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
     *ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON*
     *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

|  |  |
|---|---|
| ) | *[TITLE 18 U.S.C.§1962(d)]* |
| ) | *CONSPIRATORIAL LIABILITY* |
| ) | *FOR CONTRAVENTION OF RICO* |
| ) | *§ 1962© OF THE RACKETEER* |
| ) | *INFLUENCED AND CORRUPT* |
| ) | *ORGANIZATIONS ACT OF 1970* |
| ) | *["RICO"][TITLE 18 U.S.C.* |
| ) | *§1962©]* |
| ) | *PINKERTON DOCTRINE* |
| ) | *[Pinkerton v.United States, 328 U.S.* |
| ) | *640 (1946)];* |
| ) *FOR AIDING AND ABETTING* | |
| ) | *RICO CONSPIRACY* |
| ) | *RICO SECTION 1962(d)* |
| ) | *[TITLE 18 U.S.C.§1962(d)]* |
| ) | *CONSPIRATORIAL LIABILITY* |
| ) | *FOR CONTRAVENTION OF RICO* |
| ) | *§ 1962(a) OF THE RACKETEER* |
| ) | *INFLUENCED AND CORRUPT* |
| ) | *ORGANIZATIONS ACT OF 1970* |
| ) | *["RICO"][TITLE 18 U.S.C.* |
| ) | *§1962(a)]* |
| ) | *PINKERTON DOCTRINE* |
| ) | *[Pinkerton v.United States, 328 U.S.* |
| ) | *640 (1946)];* |
| ) *FOR RICO CONSPIRACY FOR* | |
| ) | *RICO AIDING AND ABETTING re:* |
| ) | *PRIMARY RICO SECTION 1962©* |
| ) | *re: RICO SECTION 1962(d)* |
| ) | *[TITLE 18 U.S.C.§1962(d)]* |
| ) | *CONSPIRATORIAL LIABILITY* |
| ) | *FOR CONTRAVENTION OF RICO* |
| ) | *§ 1962© OF THE RACKETEER* |
| ) | *INFLUENCED AND CORRUPT* |
| ) | *ORGANIZATIONS ACT OF 1970* |
| ) | *["RICO"][TITLE 18 U.S.C.* |
| ) | *§1962©]* |
| ) | *PINKERTON DOCTRINE* |
| ) | *[Pinkerton v.United States, 328 U.S.* |
| ) | *640 (1946)];* |
| ) *FOR RICO  CONSPIRACY  FOR* | |
| ) | *RICO AIDING AND ABETTING re:* |
| ) | *PRIMARY RICO SECTION 1962(b)* |
| ) | *re: RICO SECTION 1962(d)* |
| ) | *RICO CONSPIRACY* |
| ) | *RICO SECTION 1962(d)* |
| ) | *[TITLE 18 U.S.C.§1962(d)]* |
| ) | *CONSPIRATORIAL LIABILITY;* |
| ) *FOR RICO  CONSPIRACY  FOR* | |
| ) | *RICO AIDING AND ABETTING re:* |
| ) | *PRIMARY RICO SECTION 1962(a)* |
| ) | *re: RICO SECTION 1962(d)* |

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

7

1                                   )  ***RICO CONSPIRACY***
                                       )  ***RICO SECTION 1962(d)***

2                                         )  ***[TITLE 18 U.S.C.§1962(d)]***
                                       )  ***CONSPIRATORIAL LIABILITY***

3                                         ) ***FOR CONTRAVENTION OF RICO***
                                       )  ***§ 1962(a) OF THE RACKETEER***

4                                         )  ***INFLUENCED AND CORRUPT***
                                       )  ***ORGANIZATIONS ACT OF 1970***

5                                         )  ***["RICO"][TITLE 18 U.S.C.***
                                       )  ***§1962(a)]***

6                                         )  ***PINKERTON DOCTRINE***
                                       )  ***[Pinkerton v.United States, 328 U.S.***

7                                         )  ***640 (1946)];***
                                      ) ***FOR RICO  §1962(d) CONSPIRACY***

8                                         )  ***RE: INTRA-CORPORATE***
                                       )  ***AFFILIATE CONSPIRACY***

9                                         )  ***RICO §1962(a) CONTRAVENTION***
                                       )  ***[TITLE 18 U.S.C. §§1962(a)/d)];***

10                                       ) ***FOR RICO  §1962(d) CONSPIRACY***
                                       )  ***RE: INTRA-CORPORATE***

11                                       )  ***AFFILIATE CONSPIRACY***
                                       )  ***RICO §1962(a) CONTRAVENTION***

12                                       )  ***[TITLE 18 U.S.C. §§1962(b)/d)];***
                                     ) ***FOR RICO  §1962(d) CONSPIRACY***

13                                       )  ***RE: INTRA-CORPORATE***
                                       )  ***AFFILIATE CONSPIRACY***

14                                       )  ***RICO §1962(a) CONTRAVENTION***
                                       )  ***[TITLE 18 U.S.C. §§1962(c)/d)];***

15                                       ) ***FOR IMPOSITION OF***
                                       )  ***CONSTRUCTIVE TRUST***

16                                       )  ***PURSUANT TO RICO 1964(a)***
                                       )  ***[TITLE UNITED STATES CODE***

17                                       )  ***§1964(a)] OF THE  RACKETEER***
                                       )  ***INFLUENCED AND CORRUPT***

18                                       )  ***ORGANIZATIONS ACT OF 1970***
                                       )  ***["RICO"] AND RULE 64 OF***

19                                       )  ***THE FEDERAL RULES OF CIVIL***
                                       )  ***PROCEDURE;***

20                                       ) ***FOR IMPOSITION OF***
                                       )  ***CONSTRUCTIVE TRUST***

21                                       )  ***PURSUANT TO RICO 1964(b)***
                                       )  ***[TITLE UNITED STATES CODE***

22                                       )  ***§1964(b)] OF THE  RACKETEER***
                                       )  ***INFLUENCED AND CORRUPT***

23                                       )  ***ORGANIZATIONS ACT OF 1970***
                                       )  ***["RICO"] AND RULE 64 OF***

24                                       )  ***THE FEDERAL RULES OF CIVIL***
                                       )  ***PROCEDURE;***

25                                       ) ***FOR COMMISSION OF COMMON***
                                       )  ***LAW FRAUD;***

26                                       ) ***FOR COMMISSION OF COMMON***
                                       )  ***LAW CONVERSION;***

27

28      ***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT  ORGANIZATIONS***
    ***ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON***
      8    ***DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

) *FOR RICO SUCCESSORSHIP*
) *LIABILITY re: RICO §§ 1962*
) *(a), 1962(b), 1962©), 1962(d),*
) *1964(a), and 1964(b)*
) *[TITLE 18 USC §§ 1962(a)-d),*
) *1964(a), and 1964(b)];*
) *FOR RICO DISGORGEMENT*
) *PURSUANT TO RICO §§ 1962 (a),*
) *1962(b), 1962©), 1962(d),*
) *1964(a), and 1964(b)*
) *[TITLE 18 USC §§ 1962(a)-d),*
) *1964(a), and 1964(b)];*
) *FOR RICO §1962(d) [TITLE 18 U.S.C.*
) *§1962(d)] CONSPIRATORIAL*
) *LIABILITY FOR*
) *CONTRAVENTION OF RICO*
) *§1962©) OF THE RACKETEER*
) *INFLUENCED AND CORRUPT*
) *ORGANIZATIONS ACT OF*
) *1970 ["RICO"][TITLE 18 U.S.C.*
) *§1962©)] PINKERTON DOCTRINE*
) *[Pinkerton v.United States, 328 U.S.*
) *640 (1946)] re: CONSPIRACY TO*
) *CONCEAL re: INTRA –*
) *CORPORATE  CONSPIRACY;*
) *FOR RICO §1962(d) [TITLE 18 U.S.C.*
) *§1962(d)] CONSPIRATORIAL*
) *LIABILITY FOR*
) *CONTRAVENTION OF RICO*
) *§1962(b) OF THE RACKETEER*
) *INFLUENCED AND CORRUPT*
) *ORGANIZATIONS ACT OF*
) *1970 ["RICO"][TITLE 18 U.S.C.*
) *§1962(b)] PINKERTON DOCTRINE*
) *[Pinkerton v.United States, 328 U.S.*
) *640 (1946)] re: CONSPIRACY TO*
) *CONCEAL re: INTRA –*
) *CORPORATE  CONSPIRACY;*
) *FOR RICO §1962(d) [TITLE 18 U.S.C.*
) *§1962(d)] CONSPIRATORIAL*
) *LIABILITY FOR*
) *CONTRAVENTION OF RICO*
) *§1962(a) OF THE RACKETEER*
) *INFLUENCED AND CORRUPT*
) *ORGANIZATIONS ACT OF*
) *1970 ["RICO"][TITLE 18 U.S.C.*
) *§1962(a)] PINKERTON DOCTRINE*
) *[Pinkerton v.United States, 328 U.S.*
) *640 (1946)] re: CONSPIRACY TO*
) *CONCEAL re: INTRA –*
) *CORPORATE  CONSPIRACY; and,*
) *FOR FEDERAL DECLARATORY*

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON
DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

9

| | |
|---|---|
| ) | ***RELIEF PURSUANT TO*** |
| ) | ***DECLARATORY JUDGMENT ACT*** |
| ) | ***OF 1940 [TITLE 28 U.S.C. §§ 2201-*** |
| ) | ***2202].*** |
| ) | |
| ) | |
| ***Defendants.*** ) | |

Plaintiff East West Trading Group, LLC, allege and complain against defendants, and each and every one of them, as follows:

♦   Deutsche Bank USA, a German Aktiengesellschaft

♦   Deutsche Bank (Schweiz) AG, a German Aktiengesellschaft

♦   Alwado Holding GMBH, a German Gesellschaft mit beschrankter Haftung

♦   Waldmar Pepsik

♦   Dorathea Bahsen

♦   Avalon Overseas Holdings, a private trust

♦   Avalon Overseas Holding Trust, a private trust

♦   William James Roush

///
///
///
///
///
///
///
///
///
///
///

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) <u>PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)***

10

## I.

### *COMPETENT FEDERAL SUBJECT MATTER JURISDICTIONAL and FEDERAL VENUE ALLEGATIONS*

1.      Competent subject matter jurisdiction and venue exists, in whole and/or in part, pursuant to the following federal statutes:

A.      Section 1964(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964(a)];

B.      Section 1964(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964(b)];

C.      Section 1964©) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964©)];

D.      Section 1965(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(a)];

E.      Section 1965(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(b)];

F.      Section 1965(d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(d)];

G.      Federal Question Jurisdiction [Title 28 United States Code §1331];

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

1   H.   Federal Regulation of Commerce Jurisdiction  [Title 28 United States
2        Code §1337];

3

4   I.   Federal Declaratory Judgment Relief [ Title United States Code  §§
5        2201-2202];

6

7   J.   Federal Supplemental Jurisdiction [Title 28 United States Code
8        §1367(b)]; and,

9

10  K.   Federal General Venue [Title 28 United States Code §1391(b)].

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28  ***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) <u>PINKERTON DOCTRINE CONSPIRACY</u>, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)***

12

## II.

### *RICO PERSONS*

### *[RICO TITLE 18 UNITED STATES CODE § 1961(3)]*

2.     Plaintiff alleges that:

- ♦     East West Trading Group, LLC
- ♦     Deutsche Bank, USA, a German Aktiengesellschaft
- ♦     Deutsche Bank (Schweiz) AG, a German Aktiengesellschaft
- ♦     Alwado Holding GMBH, a German Gesellschaft mit beschrankter Haftung
- ♦     Waldmar Pepsik
- ♦     Dorathea Bahsen
- ♦     Avalon Overseas Holdings, a private trust
- ♦     Avalon Overseas Holding Trust, a private trust
- ♦     William James Roush

are each   engaged in activities and conduct that affect federal interstate and/or foreign commerce and that each are a "person," as that term is defined pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

3.     Plaintiff alleges that each and every defendant is liable as a principal pursuant to Title 18 United States Code §§ 2(a)-(b) and that each and every defendant is liable as a co-conspirator pursuant to Title 18 United States Code § 371. Plaintiff further alleges that the acts, conduct, activities, and/or omissions committed by any one defendant are attributable to all of the other defendants.

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

13

4. Plaintiff alleges that at all times material herein, the activities, conduct, and/or omissions committed and/or engaged in by the defendants herein give rise to this action being instituted within this federal district court inasmuch as plaintiffs are citizens and residents of the City of Los Angeles, County of Los Angeles, State of California, and the events that give rise to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § §§ 1961, 1965(a), (b), and (d)] action are predicated under the RICO co-conspiracy theory of venue and co-conspiracy theory of personal jurisdiction, by and through employment of federal instrumentalities of federal interstate commerce, including the federal mails, federal wires, and traveling in connection with the commission of racketeering activity across federal interstate and/or international boundaries and/or lines.

5. Plaintiff alleges that the defendants, each of whom are engaged in principal business activities within the City of Los Angeles, County of Los Angeles, State of California, engaged in continuous, concerted, and systematic activities with plaintiff within this district, resulting in injury to their respective interests in their business or property, pursuant to RICO Title 18 U.S.C. § 1964©).

6. Plaintiff alleges that venue is proper within this judicial district pursuant to Title 28 U.S.C. §§ 1391(a)(2), (a)(3), and (b) inasmuch as all defendants transact business and can be found within this district, and that a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject matter is situated within, this district.

///

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

14

### III.

***COMPREHENSIVE SCHEME TO DEPRIVE PLAINTIFF OF THEIR INTERESTS IN BUSINESS OR PROPERTY [TITLE 18 U.S.C. § 1964©)] – RICO ARTIFICE AND SCHEME TO DEFRAUD– DESTRUCTION and INJURY TO BUSINESS – INTERNATIONAL MONEY LAUNDERING and CRIMINALLY DERIVED PROPERTY ACQUISITION***

7.     Plaintiff alleges that commencing on or about 1 October 2010, and continuing up through and including 21 October 2010, Avalon Overseas Holding, a private trust, and William James Roush, trustee thereof, employed federal interstate mails and federal interstate wires, including ,but not limited to, electronic messaging, electronic mail, instant messaging, and cell phones, to actively solicit monies from plaintiff for purposes of facilitating a proposed leveraged financial transaction. Plaintiff alleges that Avalon Overseas Holdings, a private trust, and Avalon Overseas Holding Trust, a private trust, are one and of the same, and therefore shall be referred to hereinafter collectively as "Avalon."

7A.     Plaintiff alleges that this proposed leveraged financial transaction, whereby plaintiff would deposit certain monetary funds for the use and application of Avalon Overseas Holdings and Roush, would produce a substantial profit to plaintiff. Plaintiff alleges that Roush and Avalon Overseas Holding assured plaintiff that the risk of loss by plaintiff was minimal and to repose trust and confidence within Roush's expertise, experience, and acumen to produce the promised results.

///

///

***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) <u>PINKERTON DOCTRINE CONSPIRACY</u>, <u>PINKERTON v UNITED STATES</u>, 328 U.S. 640 (1946)***

8.     Plaintiff alleges on 21 October 2010, plaintiff ["Lender"], Avalon Overseas Holdings and  Roush ["Borrower"], consummated a written contractual agreement ["Agreement"] to formally evidence the parties' respective obligations thereunder for purposes of the facilitation of the proposed leveraged financial transaction. The Agreement expressly represented the following materially relevant factual information:

♦     Lender, acting upon behalf of Borrower, pay to Deutsche Bank, Zurich, Switzerland, bank fees in the amount of 50,000 Euros in order to facilitate the transfer of five million shares of Genesis Commodities AG ["Genesis"] to Borrower's bank account at Union Bank of Switzerland ["UBS"];

♦     Immediately and simultaneously upon receipt of said Genesis securities into Borrower's UBS bank account, Borrower warranted and confirmed  to Lender that Borrower would cause to be blocked in any of Borrower's accounts an amount of Genesis securities equal to $250,000,000.00, USD, for the exclusive and sole purpose of initiating, facilitating, and furthering an alleged "qualified investment program," acceptable solely to Borrower;

♦     Any and all profits generated, derived, and/or otherwise earned by Borrower through the alleged "qualified investment  program," in the event so realized,, Borrower warranted and confirmed to Lender that such profits would be divided and allocated immediately upon receipt from the alleged "qualified investment program"  between Lender and Borrower as follows: one-third (33.33%) allocable to Lender and two-thirds (66.67%) allocable

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

to Borrower;

♦ Lender shall assist Borrower, by and through Lender's reasonable efforts, to facilitate and further Borrower's efforts to achieve success in the parties "joint pursuit of a legal and verifiable high yield investment program, acceptable to Borrower";

♦ Borrower warranted and confirmed that Borrower would immediately repay Lender the 50,000 Euros on the initial draw of the alleged "Line of Credit" established at UBS upon the physical transfer of the five million shares of Genesis securities;

♦ Borrower warranted and confirmed to Lender that in the event Borrower elected not to proceed with pursuing an alleged "high yield investment program, the Borrower expressly agreed to share, divide, and allocate all profits derived between Lender and Borrower as follows: one-third (33.33%) allocable to Lender and two-thirds (66.67%) allocable to Borrower, generated from any alleged "investment relating to those $250,000,000.00," of Genesis securities to be physically segregated for said purpose;

♦ Alternatively, Borrower warranted and confirmed to Lender that Lender shall have the option to employ a "Line of Credit" which Lender may elect to establish employing and applying $82,500,0000.00, USD  worth of Genesis securities, providing that the terms and conditions of said transaction are reasonably and acceptable to Borrower, and that Borrower shall not unreasonably withhold acceptance thereof; and,

♦ The Agreement shall not be altered, amended, or changed without first obtaining mutually expressed agreement in writing executed

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

17

1    by the Lender and Borrower.

2

3    9.    Plaintiff alleges that the parties to the Agreement executed their

4    respective signatures, electronically,  thereupon  said instrument  on  21 October

5    2010.

6

7    10.    Plaintiff alleges that simultaneous and contemporaneous with the

8    generation and execution of the 21 October 2010, Agreement, Avalon Overseas

9    Holding and Roush ["Promissor"] and plaintiff ["Providers/Promisees"] executed a

10   document entitled "Personal & Corporate Guarantee of Payment" ["Guarantee"]

11   authored and generated by Roush.  The alleged "Guarantee" assured plaintiff that in

12   the event of default, by "Promissor," plaintiff could immediately initiate legal

13   proceedings to enforce the terms and conditions of the "Guarantee," which

14   "Promissor" represented and confirmed to plaintiff to also serve as a secured

15   promissory note.

16

17   11.    Plaintiff alleges that during all times material herein that Roush

18   confirmed, represented, and warranted to plaintiff that Roush controlled, owned,

19   and/or otherwise maintained an equity participation position of 51% within, and

20   managerial and directorial authority of, Alwado  Holding GmbH ["Alwado"].

21   Plaintiff alleges that Roush confirmed, represented, and warranted to plaintiff that

22   Roush co-managed, co-operated, and co-directed the corporate business affairs of

23   Alwado in connection with Waldemar Pepsik ["Pepsik"] and Dorathea Bahnsen

24   ["Bahnsen"].  Plaintiff reasonably relied upon Roush's representations regarding the

25   management and operation of Alwado by and through Roush, Pepsik, and Bahnsen.

26

27

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

12.     Plaintiff alleges that prior to the execution of the Agreement described herein above, that on 16 September 2010, Pepsik  and  Bahsen generated and executed a "Corporate   Resolution" whereby Roush obtained 51% of Alwado Holding  GmbH. Plaintiff alleges that  subsequent to  the payment of the fees the "Corporate  Resolution," was confirmed by Roush, Pepsik, and Bahnsen, and said individuals furthermore  confirmed, warranted,  and represented to plaintiff that the 5,000,000 shares of Alwado securities were in fact on deposit at Deutsche Bank, and that upon plaintiff's payment of the 50,000 Euros under the Agreement, the Alwado securities would be freely  transferrable.

13.     Plaintiff alleges that on 12 October 2010, Roush and Bahnsen represented, confirmed, and warranted to plaintiff's duly authorized representative at a conference convened  in Zurich, Switzerland, that said Alwado securities were in fact issued to Roush in conformity with  the  Corporate  Resolution. Plaintiff alleges that during said conference Bahnsen and Rousch physically produced to plainitff documents evidencing Deutsche Bank then-current statements verifying the existence of said Alwado securities and the correlative value thereof. Plaintiff reasonably relied upon presentation and representation, and at no time therein did plaintiff have  any  reason to doubt, suspect, or question the authenticity and genuiness of the Deutsche Bank documents presented by Roush and Bahnsen.

14.     Plaintiff, based upon the affirmations,  representations, confirmations, and warranties presented  by Roush, Pepsik, and Bahnsen, deposited plaintiff's 50,000 Euros in conformity with the terms and conditions of the 21 October 20101, Agreement, by depositing said funds with Avalon Overseas Holding to cover the fees to Deutsche Bank, Zurich, Switzerland.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

19

15.     Plaintiff alleges that in mid to late November, 2010, plaintiff learned for the first time that the Alwado securities had in fact been de-listed prior to the execution of the 21 October 2010, Agreement, and the generation and presentation of the 16 September 2010, Corporate Resolution.  Plaintiff alleges that when plaintiff approached Roush and Bahnsen and immediately demanded an explanation, Roush and Bahnsen represented to plaintiff that the de-listing of the Alwado securities were a mere perfunctory administrative act that required the payment of a filing/renewal fee accompanied with a current corporate financial statement.

16.     Plaintiff alleges that Roush, materially aided and abetted by Pepsik and Bahsen, presented then current Deutsche Bank Statements affirmatively evidencing and confirming the shares and also completed Compliance Documents and statements   to   plaintiff for purposes of employing the Alwado securities as a collateral vehicle to facilitate the alleged high yield investment program envisioned under the Agreement.

17.     Plaintiff alleges that in mid to late December, 2010, plaintiff learned through a consultant who, in the context of collaborating with a bank on a potential credit facility, that the company Genesis Commodities  had  not only been de-listed but also  had  been declared bankrupt under controlling Swiss law in September, 2010, and was non-operational.

18.     Plaintiff immediately confronted defendants Avalon, Alwado, Pepsik, Bahnsen, and Roush with the factual information plaintiff obtained from the consultant and demanded an explanation.  Plaintiff alleges that defendants' response constituted  vague, general, conclusory  inadequate  and incredible excuses, none of

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

1    which were convincing.

2

3        19.    Plaintiff immediately demanded an explanation of defendants as to the

4    reasons  why Deutsche Bank would continue to publish Deutsche Bank corporate

5    statements  previously identifying Genesis Commodities as a corporate entity listed

6    at a  substantially high monetary value during the summer and into early fall of 2010,

7    at the time plaintiff consummated the Agreement with Roush and Avalon, and then,

8    inexplicably and without rational justification, delete and remove such corporate

9    identification and significantly post a substantially lower evaluation from Deutsche

10   Bank corporate statements after plaintiff consummated said Agreement and

11   contributed plaintiff's monies. Defendants' responses were materially lacking of the

12   genuine truth. In point of fact, the later Deutsche Bank corporate statements show 5.0

13   million shares leaving UBS and only 2.5 million remaining at a substantially,

14   drastically lower price.

15

16       20.    Plaintiff alleges that Avalon, Alwado, Pepsik, Bahnsen, Roush, and

17   Deutsche Bank materially concealed from disclosure the afore described material

18   facts relevant to the events culminating with the generation and submission of both

19   the Corporate Resolution and the Agreement. Plaintiff alleges that the omission to

20   disclose the afore described facts constituted material omissions of material facts, and

21   had plaintiff been knowledgeable of the true facts about the securities in question and

22   its issue, plaintiff would not have entered into and consummated the monetary

23   transaction agreement and contributed the monetary funds.

24

25       21.    Plaintiff alleges that Roush and Avalon had consistently used federal

26   interstate wires to issue and transmit to plaintiff letters from Roush and Avalon that

27

28       *COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
         *ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON*
     21  *DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

1  the latter were arranging to return plaintiff's monies, the most recent e mail letters
2  transmitted by Roush and Avalon on 8  January, 2011, to plaintiffs, via plaintiff's
3  intermediary/independent broker, William H. Steiner, owner/principal, Wealth
4  Management Services, Panama City, Republic of Panama, that Roush intended to
5  return plaintiff's monies.   Roush, via Steiner's e mail letter,   represented and
6  confirmed to  to plaintiff's co-managing member, Lucian Dancaesu, that:

7        William Roush called me this morning and shared with me if you
8        wanted to contract him that you may write him directly. He [Roush]
9        plans are to return your money.

10

11        22.    Plaintiff alleges that on 9 January 2011, via e mail letter directed and
12  transmitted to Roush, plaintiff's co-managing member, confirmed receipt of Steiner's
13  8 January 2011, e mail letter referenced herein above, and specifically requested an
14  "expected repayment date of the funds East West Trading Group lent you and which
15  are now due and payable."

16

17        23.    Plaintiff alleges that Roush failed, refused, and intentionally
18  disregarded plaintiff's 9 January 2011, e mail letter demand for providing specific
19  confirmation of an expected repayment date of plaintiff's monies.  Plaintiff alleges
20  that Roush and Avalon have, and continue to wrongfully, feloniously, and
21  fraudulently, retain plaintiff's monies, demand for repayment notwithstanding.
22  Plaintiff reasonably relied upon the transmitted representation of Roush as related by
23  and through Steiner's 8 January 2011, e mail letter, that Roush would perform and
24  return plaintiff's monies immediately..

25

26        24.    Plaintiff alleges that the generation and submission of such letters via

27

28    ***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
    ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON
22  DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

electronic mailing constitutes the presentation of letters designed and intended to "lull" plaintiff into a false sense of security and hope when in fact the monies will not, and would never be, forth coming. Plaintiff alleges that the generation, transmission, and presentation of such documents constitute the use of "lulling letters" designed and intended to facilitate and further defendants' artifice and scheme to defraud.

25. Plaintiff alleges that both Deutsche Bank, USA, a German Aktiengesellschaft and Deutsche Bank (Schweiz) AG [collectively referred to herein after as "Deutsche Bank"] materially aided and abetted, and materially conspired with, Alwado, Pepsik, Bahnsen, Roush, and Avalon by materially concealing from plaintiff the material fact that the securities Deutsche Bank published and represented to plaintiff as valuable were in fact valueless. Plaintiff alleges that Deutsche Bank derived a monetary benefit by and through its participatory activity with Alwado, Pepsik, Bahnsen, Roush, and Avalon as alleged herein above.

26. Plaintiff alleges that the Alwado letter generated and transmitted by Alwado, Pepsik, and Bahnsen, dated 30 September 2010, to Deutsche Bank (Schweiz) AG, provided to plaintiff by Alwado, Pepsik, Bahnsen, Avalon, and Roush, was materially misleading inasmuch as that said defendants, acting in concert with Deutsche Bank, knew at the time of transmitting said letter to plaintiff, knew for a fact that Genesis Commodities had previously been declared bankrupt under Swiss law.

27. Plaintiff alleges that said defendants knew for a fact that the representations embodied within the 30 September 2010, letter were materially false

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

and were presented to plaintiff to cause plaintiff to consummate the Agreement with Roush and Avalon. Plaintiff reasonably relied upon said representations transmitted and published within said letter, and predicated thereupon, caused the monetary wire transfer of monetary funds in accordance therewith traversing federal interstate and/or international boundaries from within the United States of America and terminating at a location directed by defendants for the receipt of such monetary funds.

28.   Plaintiff alleges that on 7 December 2010, Dorathea Bahnsen, via e mail letter, from Hamburg, Germany, across international boundaries, and terminating in Pensacola, Florida, United States of America,   transmitted   the   following representations to plaintiff's co-managing member, Lucian Dancaescu, regarding Deutsche Bank (AG):

> Sehr geehrter Herr Lucian Dancaesuc,
>
> wie besprochen, ubersende ich Ihenen die angefugte Anlage von der Deutschen Bank AG.  Ich werde  Morgen mit Frau Lamprecht von der Deutschen Bank (Schweiz) sprechen und Ihnen Bescheid geben.
>
> Viele Grube aus Hamburg
>
> Dorathea Bahnsen
>
>
> [English translation]
>
> Dear Mr. Lucian Dancaescu,
>
> As discussed we are sending you the attached document from Deutsche Bank.  I will ask Mrs. Lamprecht  from Deutsche Bank Switzerland, tomorrow morning, and will make sure she passes on the correct information

*COMPLANT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

1    Greetings from Hamburg

2    Dorathea Bahnsen

3

4    29.    Plaintiff alleges that plaintiff's co-managing member replied to

5    Bahnsen's e mail letter, on 7 December 2010, regarding Deutsche Bank (AG), as

6    follows:

7    Liebe Dorathea

8    Vielen dank fur die Unterlagen.

9    Sie konnen mich jede zeit am SKYPE oder mein Handy erichen.

10    Wir haben ein zeil, und das ist eine Erfolgreich ende fur diesen Gescheft.

11    Grusse aus Pensacola,

12    Lucian

13

14    [English translation]

15    Dear Doreathea

16    Thank you for the attachments of the documents.  You can reach me any

17    time on skype or on my cell phone.

18    We have one goal, that is the successful completion of this transaction

19    .

20    Greetings from Pensacola

21    Lucian

22

23    30.    Plaintiff alleges that on 8 December 2010, Dorathea Bahnsen, via e mail

24    letter, responded to plaintiff's co-managing member's 7 December 2010, e mail letter

25    regarding Genesis Commodities, AG, and Deutsche Bank (AG), as follows:

26    Sehr geehrter Herr Lucian Dancaescu,

27

28    **COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS**
**ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON**
25    **DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)**

hier ist die Antwort der Deutschen Bank (Schweiz) AG. Es sind 5 Mio. Aktien abgebucht worden, uber die nur William Roush als Geschaftsfuhrer der ALWADO Holding GmbH zurzeit frei verfugen kann.  Die Geschaftsfuhrer Waldemar Pepsik und Dorathea Bahnsen haben hier keine Handlungsmoglichkeit.   Die Aktien sind nicht zuruckgelommen.  Zum 30.11.2010 sind nur noch 2.692.308 Aktien in Portfolio der ALWADO Holding GmbH bei der Deutschen Bank (Schweiz) AG (siehe angefugte Anlage).

Viele Grube aus Hamburg

Dorathea Bahnsen


[English translation]

Dear Mr. Lucian Dancasescu,

Here is the response from Deutsche Bank.  There have been 5Mil shares transferred and only Mr. William Roush as General Manager of Alwado Holding, currently is free to deal with. Mr. Waldemar Pepsik and Dorathe Bahnsen as Managers have no authority to deal with these issues.  The shares have not been returned.  On November 30, 2010 only 2,692,308 shares of the Alwado Holding portfolio were at Deutsche Bank Switzerland (see attached statements).


Many Greetings from Hamburg

Dorathea Bahnsen


31.   Plaintiff alleges that the two [2] Bahnsen e mail letters were transmitted to plaintiff's co-managing member for the purpose of representing and confirming

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

26

that Deutsche Bank still held the shares, that the shares did t exist, that the shares had a monetary value, when in fact the foregoing were falsely misleading and materially misrepresentaive of the facts. Plaintiff alleges Bahnsen knew at the time Bahnsen originated, disseminated, and transmitted the afore referenced e mail letters that Deutsche Bank did not possess those shares, that those shares did not exist at that time, and that the shares were in fact worthless.

32.    Plaintiff reasonably relied upon the representations, affirmations, and confirmations expressly set forth within the afore identified e mail letters received from Bahnsen, thereby further detrimentally relying thereupon to the injury and damage to plaintiff's interest in plaintiff's business and/or property as a proximate result and cause thereof.

33.    Plaintiff alleges that Alwado, Pepsik, Bahnsen, Avalon, and Roush, materially aided and abetted by, and acting in conspiracy with, Deutsche Bank, engaged in the    afore referenced fraudulent activities for purposes of injuring plaintiff in plaintiff's interests in business and/or property.

34.    Plaintiff alleges that Alwado, Pepsik, Bahnsen, Avalon, and Roush, actively conspired with  Deutsche Bank for purposes of materially concealing and aggressively covering up the fraudulent activities alleged herein above, in order to prevent plaintiff from ascertaining and learning the facts as to the very reasons plaintiff's monies were obtained fraudulently and summarily disposed thereof.

35.    Plaintiff alleges that said defendants knew that plaintiff would necessarily incur legal fees, costs, and expenses in connection with the initiation and

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

27

prosecution of legal proceedings to recover plaintiff's monies. Plaintiff alleges that defendants' actions of concealment of the fraud committed upon plaintiff were intended and motivated to dissuade, discourage, and/or otherwise  convince plaintiff that pursuing such legal action would be costly prohibitive and exhorbitant, and therefore abandonment of such legal action would occur.

36.     Plaintiff alleges that during all times material herein that Deutsche Bank affirmatively knew, and possessed actual knowledge of, the financial malaise of Genesis Commodities, and acting in concert with Alwado, Pepsik, Bahnsen, Avalon, and Roush, knowingly facilitated and furthered the fraud perpetrated and perpetuated upon  plaintiff by continuing to identify Genesis Commodities upon Deutsche Bank corporate statements as a highly valuable, financially sound business entity when in fact Deutsche Bank knew that such a representation was materially false.

37.     Plaintiff alleges that plaintiff reasonably relied upon the Deutsche Bank corporate statements provide to plaintiff via federal interstate wires, federal mails, and via Internet transmission traversing international boundaries between the United States of America and Deutsche Bank offices located in both the United States of America and/or offices in Switzerland and Germany.

38.     Plaintiff alleges that Deutsche Bank materially suppressed and affirmatively concealed from disclosure to plaintiff the fact that Genesis Commodities was financially insolvent and the issuer's securities de-listed in order to facilitate and further the fraudulent and felonious activities committed by Alwado, Pepsik, Bahnsen, Avalon, and Roush as alleged herein. Plaintiff alleges that defendants possessed exclusively knowledge of these material facts  about the negative financial

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

28

1  stature of  Genesis Commodities, and plaintiff could not have discovered such facts

2  even through the exercise of reasonable due diligence inasmuch as defendants held

3  such factual information exclusively.

4

5      39.    Plaintiff alleges that had defendants disclosed the fact of Genesis

6  Commodities precarious financial condition and involuntary insolvency, plaintiff

7  would not have executed the Agreement.

8

9      40.    Plaintiff alleges that plaintiff's monetary funds were obtained  by and

10  through false representations, materially misrepresentative facts, and willfully

11  converted by Roush and Avalon.

12

13      41.    Plaintiff alleges that Deutsche Bank, Alwado, Pepsik, and Bahnsen

14  materially aided and abetted Roush and Avalon in connection with the artifice and

15  scheme to defraud plaintiff by facilitating and furthering the ability of Roush and

16  Avalon to feloniously obtain plaintiff's monies by presenting and affirming the

17  alleged financial soundness and legitimacy of Genesis Commodities to plaintiff in

18  order for Roush and Avalon to transmute, convert, disguise, and/or otherwise

19  transform the receipt of plaintiff's monetary  funds into proceeds of a different

20  currency and transmitted and infused into unknown forms of corporate vehicles

21  and/or corporate formulations to frustrate, impair, impeded, discourage, foreclose,

22  and/or otherwise dissuade plaintiff from prosecuting civil damage recovery efforts.

23  ///

24  ///

25  ///

26  ///

27

28  ***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
    ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON
    DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)***

29

42.     Plaintiff alleges that Roush and Avalon compensated, remunerated, and/or otherwise accorded payment of monetary funds to Deutsche Bank, Alwado, Pepsik, and Bahnsen in exchange for, and as consideration for, facilitating and furthering the artifice and scheme to defraud as factually described herein above.

43.     Plaintiff has sustained damages to its interests in business and/or property proximately caused and by reason of contravention of RICO §1964©).

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][18 USC §§1961 et.seq] RE: RICO §1962(d) PINKERTON DOCTRINE CONSPIRACY, PINKERTON v UNITED STATES, 328 U.S. 640 (1946)*

30

*IV.*

***RICO SECTION 1961(4) ENTERPRISE ALLEGATIONS <u>re</u>: RICO SECTION 1962©) RE: [TITLE 18 UNITED STATES CODE § 1961(4)]***

44.   Plaintiff  alleges  that defendants  were employed  by and  associated with each other, and engaged  in  conduct that constitutes a RICO pattern of racketeering activity.  Plaintiff furthermore  alleges that RICO defendants were knowledgeable and aware of the activities of these RICO enterprises, and that said RICO defendants facilitated and furthered the RICO §1962(d) conspiracies alleged herein, for the purpose and objective of damaging and/or injuring plaintiffs' interests in their businesses and/or properties. Plaintiff alleges that each of  the following configurations  constitute   a RICO "enterprise," as that term is defined pursuant to Title 18 United States Code §1961(4) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961(4)] and within the strictures of both ***Boyle v.  United States,*** 129 S. Ct.  2237, at 2245-2246 (2009) , and ***Odom v. Microsoft Corp.,*** 486 F.3d 541 (9th Cir. 2007)(en banc):

   A.   ***RICO Enterprise No. 1:*** Deutsche Bank USA  and Deutsche Bank (AG)  constitute a RICO §1961(4)  enterprise, organized and maintained by  and   through a consensual  hierarchy of partners,  managers,  directors,  officers,  supervisors,  agents, deputies, and/or  representatives of a law firm that formulate and implement policies relative to the  promoting,  advancing and/or otherwise operating a business organization for the purpose of providing both domestic and international monetary financing of business  ventures.    The  RICO  enterprise  is  engaged  in facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and related financial consultation programs, both domestically and

1  internationally, including, but not restricted to, the raising of
2  monetary funds by and through solicitation, employing federal
3  mails and/or federal interstate wires, as well as and providing
4  documentary materials describing mechanical procedures
5  pertaining to the placement of monetary funds derived from
6  solicitations.   Plaintiff alleges that RICO persons/ defendants,
7  and other persons unknown to plaintiff, acting in concert
8  therewith, are employed by and associated with said RICO
9  enterprise that is engaged in, or activities of which affect, federal
10  interstate and/or foreign commerce, and that said RICO persons,
11  and persons acting in concert therewith, conduct or participate,
12  directly or indirectly, in the conduct of such RICO enterprise's
13  affairs through a RICO pattern of racketeering activity.

14  B.   ***RICO Enterprise No. 2:*** Roush and Avalon constitute a RICO
15  §1961(4) enterprise, organized and maintained by and through
16  a consensual hierarchy of partners, managers, directors, officers,
17  supervisors, agents, deputies, and/or representatives of a law
18  firm that formulate and implement policies relative to the
19  promoting, advancing and/or otherwise operating a business
20  organization for the purpose of providing both domestic and
21  international monetary financing of business ventures. The
22  RICO enterprise is engaged in facilitating, furthering, and
23  promoting venture capital funding for business entities, providing
24  start up financing, re-financing, and related financial
25  consultation programs, both domestically and internationally,
26  including, but not restricted to, the raising of monetary funds
27  by and through solicitation, employing federal mails and/or
28  federal interstate wires, as well as and providing documentary

materials describing mechanical procedures pertaining to the placement of monetary funds derived from solicitations.  Plaintiff alleges that RICO   persons/ defendants, and  other persons unknown to plaintiff, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or   foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

C.   ***RICO   Enterprise   No.   3:***       Alwado,  Pepsik,  and  Bahnsen constitute a RICO §1961(4) enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors,   officers,   supervisors,   agents,   deputies,   and/or representatives of a law firm that formulate and implement policies relative to the  promoting,  advancing and/or otherwise operating a business organization for the purpose of providing both domestic and international monetary financing of business ventures.   The RICO enterprise is engaged in   facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and   related financial   consultation   programs,   both   domestically   and internationally,  including,  but not restricted to, the raising of monetary  funds by and through solicitation, employing federal mails and/or federal  interstate wires, as well as and providing documentary   materials   describing   mechanical   procedures pertaining  to  the  placement  of  monetary  funds  derived  from solicitations.   Plaintiff alleges that RICO  persons/ defendants,

and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or  foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

D.   ***RICO Enterprise No. 4:***   Roush, Avalon,  Alwado, Pepsik, and Bahnsen constitute a RICO §1961(4)  enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives of a law firm that formulate and implement policies relative to the  promoting,  advancing and/or otherwise operating a business organization for the purpose of providing both domestic and international monetary financing of business ventures.   The RICO enterprise is engaged in  facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and   related financial  consultation  programs,  both  domestically  and internationally,  including,  but  not  restricted  to,  the  raising  of monetary  funds by and through solicitation, employing federal mails and/or federal  interstate wires, as well as and providing documentary  materials  describing  mechanical  procedures pertaining  to  the  placement  of  monetary  funds  derived  from solicitations.   Plaintiff alleges that RICO  persons/ defendants, and  other  persons  unknown  to  plaintiff,  acting  in  concert therewith,  are  employed  by  and  associated   with  said  RICO enterprise that is engaged in, or activities of which affect, federal

interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

E.   ***RICO Enterprise No. 5:*** Avalon constitutes a RICO §1961(4) enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives of a law firm that formulate and implement policies relative to the promoting, advancing and/or otherwise operating a business organization for the purpose of providing both domestic and international monetary financing of business ventures. The RICO enterprise is engaged in facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and related financial consultation programs, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires, as well as and providing documentary materials describing mechanical procedures pertaining to the placement of monetary funds derived from solicitations. Plaintiff alleges that RICO persons/ defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering

activity.

45.     Plaintiff alleges  that in conducting the business and affairs of the RICO enterprises, and in committing the acts, omissions, misrepresentations, and breaches referred to  herein  between 1 October 2010,  and  continuing up through and including the initiation of  these  proceedings, RICO defendants  engaged in a RICO pattern  of racketeering  activity  in  contravention  of  Title  18  United  States  Code §1962©) inasmuch as said RICO defendants were employed by, or associated with, said RICO enterprises that are engaged in activities that affect federal interstate and/or foreign commerce, and conducted such multiple RICO enterprise affairs by and through a RICO pattern of racketeering activity.

46.     Plaintiff alleges  that in conducting the business and affairs of the RICO enterprises, and in committing the acts, omissions, misrepresentations, and breaches referred to herein between 1 October 2010,   and   continuing  up through and including the initiation of  these  proceedings, RICO defendants' activities were consistently intended to injure and damage plaintiff's interests in business and/or property.  Plaintiff alleges  that defendants' use of the federal mails and the federal interstate wires in this regard was reasonably foreseeable, and, as such, constituted contraventions of Title 18 United  States Code . §§ 1341, 1343, and 1346.

///
///
///
///
///
///
///
///

36

# V.

## RICO §1961(5)

## PATTERN OF RACKETEERING ACTIVITY ALLEGATIONS
### [TITLE 18 U.S.C. § 1961(5)]

**A.**      **Commission of RICO §1961(1) (B) Racketeering Activity**

47.    Plaintiff   alleges   that RICO defendants engaged in the above activities and/or conduct that constitutes   the following form of "racketeering activity," as that term is defined pursuant to Title 18 United States Code §1961(1) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]. Plaintiff alleges that the forms of "racketeering activity" include, and are not restricted to, various formulations of    conspiracy to aid and abet, and aiding and abetting a conspiracy:

A.      Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b).

B.      Federal Principal and Aider and Abettor Liability re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b).

C.      Federal Principal and Aider and Abettor Liability re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b)

D.      Federal Mail Fraud: Title 18 U.S.C.A. §1341.

E.      Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341.

F.      Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341.

G.      Federal Mail Fraud re: Conspiracy to Aid and Abet:

37

1    Title 18 U.S.C.A. §1341.

2    H.    Federal Mail Fraud re: Aiding and Abetting a
3          Conspiracy: Title 18 U.S.C.A. §1341.

4    I.    Federal Wire Fraud: Title 18 U.S.C.A. §1343.

5    J.    Federal Wire Fraud re: Aiding and Abetting: Title
6          18 U.S.C.A. §1343.

7    K.    Federal Wire Fraud re: Conspiracy: Title 18
8          U.S.C.A. §1343.

9    L.    Federal Wire Fraud re: Conspiracy to Aid and Abet:
10         Title 18 U.S.C.A. §1343.

11   M.    Federal Wire Fraud re: Aiding and Abetting a
12         Conspiracy: Title 18 U.S.C.A. §1343.

13   N.    Federal Intangible Personal Property Right
14         Deprivation: Title 18 U.S.C.A. §1346.

15   O.    Federal Racketeering: Title 18 U.S.C.A. §1952.

16   P.    Federal Racketeering re: Aiding and Abetting: Title
17         18 U.S.C.A. §1952.

18   Q.    Federal Racketeering re: Conspiracy: Title 18
19         U.S.C.A. §1952.

20   R.    Federal Racketeering re: Conspiracy to Aid and
21         Abet: Title 18 U.S.C.A. §1952.

22   S.    Federal Racketeering re: Aiding and Abetting a
23         Conspiracy: Title 18 U.S.C.A. §1952.

24   T.    Federal Money Laundering: Title 18 U.S.C.A.
25         §1956.

26   U.    Federal Money Laundering re: Aiding and Abetting:
27         Title 18 U.S.C.A. §1956.

28   V.    Federal Money Laundering re: Conspiracy to Aid

38

1 | and Abet: Title 18 U.S.C.A. §1956.

2 W.     Federal Money Laundering re: Aiding and Abetting
3     a Conspiracy: Title 18 U.S.C.A. §1956

4 X.     Federal Money Laundering re: Conspiracy: Title 18
5     U.S.C.A. §1956(h).

6 Y.     Federal Money Laundering re: Aiding and Abetting
7     a Conspiracy: Title 18 U.S.C.A. §1956(h).

8 Z.     Federal Money Laundering re: Conspiracy to Aid
9     and Abet: Title 18 U.S.C.A. §1956(h).

10 AA.     Federal Criminally Derived  Property: Title 18
11     U.S.C.A. §1957.

12 BB.     Federal Criminally Derived Property re: Aiding and
13     Abetting: Title 18 U.S.C.A. §1957.

14 CC.     Federal Criminally Derived Property re: Conspiracy:
15     Title 18 U.S.C.A. §1957.

16 DD.     Federal Criminally Derived Property re: Aiding and
17     Abetting a Conspiracy: Title 18 U.S.C.A. §1957.

18 EE.     Federal Criminally Derived Property re: Conspiracy
19     to Aid and Abet: Title 18 U.S.C.A. §1957.

20 FF.     Federal Interstate Transportation of Property
21     Obtained by Fraud, False Pretense, and Conversion:
22     Title 18 U.S.C.A. §2314.

23 GG.     Federal Interstate Transportation of Property
24     Obtained by Fraud, False Pretense, and Conversion
25     re: Aiding and Abetting: Title 18 U.S.C.A. §2314.

26 HH.     Federal Interstate Transportation of Property
27     Obtained by Fraud, False Pretense, and Conversion
28     re: Conspiracy: Title 18 U.S.C.A. §2314.

II.     Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314.

JJ.     Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314.

KK.     Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2315.

LL.     Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315.

MM.     Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy: Title 18 U.S.C.A. §2315.

NN.     Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2315.

OO.     Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2315.

///

///

///

40

**B.**     **Commission of  RICO §1961(5) Pattern of Racketeering Activity**

**1.     Continuity and Relatedness**

48.     Plaintiff alleges   that above activities and/or conduct engaged in by RICO defendants  constitute  a "pattern of racketeering activity," as that term is defined pursuant to Title 18 United States Code §1961(5) of  the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]. Plaintiff furthermore alleges  that  the activities and/or conduct engaged in by RICO defendants   was both related  as to the ***modus operandi*** engaged  in by said defendant of depriving plaintiff of   plaintiff's  interests in business and/or property, and was continuous inasmuch as the activities and/or  conduct  engaged  in by  defendants  materially exhibited  a realistic, long term  threat  of  continued   future  injury to plaintiff's interest in plaintiff's   business and/or property.

49.     Plaintiff  alleges  that above activities and/or conduct engaged in by said  RICO defendants  constitutes  "specified unlawful activity," ["SUA"], as  that term is defined    pursuant to Title 18 United States Code §1956(c)(7)(A) of the Money Laundering Control Act of 1986, which includes "racketeering activity," as that term is  defined pursuant to Title 18 United States Code §1961(1) of the Racketeer Influenced and Corrupt  Organizations Act of 1970 ["RICO"].

50.     Plaintiff is  entitled to recover compensatory damages, according to offer of proof at time of trial, including lost  profits.  Plaintiff is  also  entitled to recover an award of exemplary and punitive damages where allowed.  Plaintiff is entitled to   recover attorneys' fees, expenses, fees, surcharges,   costs, and prejudgment interest.

# VI.

## MULTIPLE CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

*[For Commission of Primary Substantive Contravention of RICO Section 1962©) of the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO § 1962©) SUBSTANTIVE FRAUD"]*

*["RICO"]*

*[Title 18 United States Code §1962©)]*

*[Against All Defendants]*

51.    For    Plaintiff's First Claim for Relief, plaintiffs reallege    and incorporate  Paragraphs 1 through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Title 18 United States Code Sections 1961(1)(B) Predicate Offense Contraventions]*

Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b)

Federal Mail Fraud: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1341

1   Federal Wire Fraud: Title 18 U.S.C.A. §1343

2   Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343

3   Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343

4   Federal Wire  Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343

5   Federal Wire  Fraud re: Aiding and Abetting a Conspiracy:

6   Title 18 U.S.C.A. §1343

7   Federal Intangible Personal Property Right Deprivation: Title 18 U.S.C.A. §1346

8   Federal Racketeering :Title 18 U.S.C.A. §1952

9   Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952

10   Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952

11   Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952

12   Federal Racketeering re: Aiding and Abetting a Conspiracy:

13   Title 18 U.S.C.A. §1952

14   Federal Money Laundering: Title 18 U.S.C. §1956

15   Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C. §1956

16   Federal Money Laundering  re: Conspiracy to Aid and Abet:

17   Title 18 U.S.C.A. §1956

18   Federal Money Laundering re: Aiding and Abetting a Conspiracy:

19   Title 18 U.S.C.A. §1956

20   Federal Money Laundering re: Conspiracy: Title 18 U.S.C. §1956(h)

21   Federal Money Laundering re: Aiding and Abetting a Conspiracy:

22   Title 18 U.S.C. §1956(h)

23   Federal Money Laundering re: Conspiracy to Aid and Abet:

24   Title 18 U.S.C. §1956(h)

25   Federal Criminally Derived  Property: Title 18 U.S.C. §1957.

26   Federal Criminally Derived Property re: Aiding and Abetting:

27   Title 18 U.S.C. §1957

28   Federal Criminally Derived Property re: Conspiracy: Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Conspiracy to Aid and Abet:

Title 18 U.S.C. §1957

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet:

Title 18 U.S.C.A. §2315

///

///

44

52.     Plaintiff alleges that defendants engaged in the aforementioned activities, with the intent to harm  plaintiffs' interest  in business and/or property. Plaintiff alleges that the fraudulent activity engaged by  said defendants injured plaintiffs' business and/or property in connection with their business activities that affect federal interstate commerce, resulting in loss of plaintiffs'  property interests, business opportunities, and monies.

***[RICO  Title  18  United States Code § 1961(5) Pattern of Racketeering Activity]***

53.     Plaintiff alleges that the afore described activities constitute conduct engaged in by RICO defendants  to deprive plaintiffs of their  interest in business and/or property, by and through commission of federal mail fraud, federal wire fraud, federal racketeering, federal money laundering,  federal  interstate transportation and receipt of property obtained by fraud, false pretense, and/or conversion,  and  federal racketeering, and are therefore indictable as "racketeering activity," as that term is defined  pursuant to Title 18 United States Code §1961(1)(B).

54.     Plaintiff alleges that the course of conduct engaged in by said RICO defendants constitute both continuity  and  relatedness of the racketeering activity, thereby constituting a "pattern of racketeering activity, as that term is defined pursuant to Title 18 United States Code §1961(5).

55.     Plaintiff alleges that the aforementioned pattern of racketeering activity committed by said defendants is both related and continuous inasmuch as it is designed and/or intended to cause damage and/or injury to the interest in business and/or property of plaintiffs, and plaintiffs  reasonably believe and apprehend that such conduct shall and will continue prospectively with correlative long term injury.

*[RICO Section 1962©)  Enterprises]*

56.    Plaintiff  alleges  that defendants  were employed  by and  associated with  each  other,  and  engaged   in   conduct  that  constitutes  a  RICO  pattern  of racketeering activity.   Plaintiff furthermore   alleges that RICO defendants were knowledgeable and aware of the activities of these RICO enterprises, and that said RICO defendants facilitated and furthered the RICO §1962(d) conspiracies alleged herein, for the purpose and objective of damaging and/or injuring plaintiffs' interests in their businesses and/or properties. Plaintiff alleges that each of  the following configurations  constitute   a  RICO "enterprise," as that term is defined pursuant to Title  18  United  States  Code  §1961(4)  of  the  Racketeer  Influenced  and  Corrupt Organizations  Act  of  1970  ["RICO"][Title  18  U.S.C.  §1961(4)]  and  within  the strictures of both  ***Boyle v.  United States,*** 129 S.  Ct.  2237, at 2245-2246 (2009) , and ***Odom v. Microsoft Corp.,*** 486 F.3d 541 (9th Cir. 2007)(en banc):

A.    ***RICO Enterprise No. 1:*** Deutsche Bank USA  and Deutsche Bank (AG)  constitute a RICO §1961(4)  enterprise, organized and  maintained by  and  through a consensual  hierarchy of partners,  managers,  directors,  officers,  supervisors,  agents, deputies, and/or  representatives of a law firm that formulate and implement policies relative to the  promoting,  advancing and/or otherwise operating a business organization for the purpose of providing both domestic and international monetary financing of business  ventures.    The  RICO  enterprise  is  engaged  in facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and   related financial consultation programs, both domestically and internationally,  including,  but not restricted to, the raising of monetary  funds  by and through solicitation, employing federal

mails and/or federal interstate wires, as well as and providing documentary materials describing mechanical procedures pertaining to the placement of monetary funds derived from solicitations. Plaintiff alleges that RICO persons/ defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

B.  **RICO Enterprise No. 2:** Roush and Avalon constitute a RICO §1961(4) enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives of a law firm that formulate and implement policies relative to the promoting, advancing and/or otherwise operating a business organization for the purpose of providing both domestic and international monetary financing of business ventures. The RICO enterprise is engaged in facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and related financial consultation programs, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires, as well as and providing documentary materials describing mechanical procedures pertaining to the placement of monetary funds derived from solicitations. Plaintiff

alleges that RICO  persons/ defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or   foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

C.     ***RICO Enterprise No. 3:***     Alwado, Pepsik, and Bahnsen constitute a RICO §1961(4) enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors,   officers,   supervisors,   agents,   deputies,   and/or representatives of a law firm that formulate and implement policies relative to the  promoting,  advancing and/or otherwise operating a business organization for the purpose of providing both domestic and international monetary financing of business ventures.   The RICO enterprise is engaged in   facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and   related financial   consultation   programs,   both   domestically   and internationally,  including, but not restricted to, the raising of monetary  funds by and through solicitation, employing federal mails and/or federal  interstate wires, as well as and providing documentary   materials   describing   mechanical   procedures pertaining to the placement of monetary funds derived from solicitations.  Plaintiff alleges that RICO  persons/ defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated  with said RICO

enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

D.   ***RICO Enterprise No. 4:***   Roush, Avalon, Alwado, Pepsik, and Bahnsen constitute a RICO §1961(4) enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives of a law firm that formulate and implement policies relative to the promoting, advancing and/or otherwise operating a business organization for the purpose of providing both domestic and international monetary financing of business ventures. The RICO enterprise is engaged in facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and related financial consultation programs, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires, as well as and providing documentary materials describing mechanical procedures pertaining to the placement of monetary funds derived from solicitations. Plaintiff alleges that RICO persons/ defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate,

49

directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

E.   ***RICO Enterprise No. 5:*** Avalon constitutes a RICO §1961(4) enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives of a law firm that formulate and implement policies relative to the  promoting, advancing and/or otherwise operating a business organization for the  purpose  of  providing  both  domestic  and  international monetary financing of business ventures.  The RICO enterprise is engaged in  facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and   related financial consultation programs, both domestically and internationally, including, but not restricted to, the  raising  of  monetary   funds  by  and  through  solicitation, employing federal mails and/or federal  interstate wires, as well as and providing documentary materials describing mechanical procedures pertaining to the placement of monetary funds derived from  solicitations.     Plaintiff  alleges  that  RICO   persons/ defendants, and  other  persons  unknown  to  plaintiff,  acting  in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or  foreign commerce, and that said  RICO persons, and  persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's  affairs  through  a  RICO  pattern  of  racketeering activity.

///

57.     Plaintiff alleges  that in conducting the business and affairs of the RICO enterprises, and in committing the acts, omissions, misrepresentations, and breaches referred to  herein  between 1 October 2010,  and  continuing up through and including the initiation of  these  proceedings, RICO defendants  engaged in a RICO pattern of  racketeering  activity  in  contravention  of  Title  18  United  States  Code §1962©) inasmuch as  said  RICO defendants were  employed by, or associated with, said  RICO enterprises  that are  engaged  in  activities  that affect  federal  interstate and/or foreign commerce, and conducted such multiple RICO enterprise affairs by and through a RICO pattern of racketeering activity.

58.     Plaintiff alleges  that in conducting the business and affairs of the RICO enterprises, and in committing the acts, omissions, misrepresentations, and breaches referred to herein  between 1 October 2010,   and   continuing  up through and including the initiation of   these   proceedings, RICO defendants' activities were consistently intended to injure and damage plaintiff's interests in business and/or property.  Plaintiff alleges  that defendants' use of the federal mails and the federal interstate wires in this regard was reasonably foreseeable, and, as such, constituted contraventions of Title 18 United  States Code . §§ 1341, 1343, and 1346.

///

///

///

///

///

///

///

///

///

///

51

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RICO PATTERN OF RACKETEERING ACTIVITY ALLEGATIONS
### [TITLE 18 U.S.C. § 1961(5)]

59.   Plaintiff   alleges   that RICO defendants engaged in the above activities and/or conduct that constitutes   the following form of "racketeering activity," as that term is defined pursuant to Title 18 United States Code §1961(1) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]:

A.   Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b).

B.   Federal Principal and Aider and Abettor Liability re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b).

C.   Federal Principal and Aider and Abettor Liability re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b). Federal Mail Fraud: Title 18 U.S.C.A. §1341.

D.   Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341.

E.   Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341.

F.   Federal Mail Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1341.

G.   Federal Mail Fraud re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §1341.

H.   Federal Wire Fraud: Title 18 U.S.C.A. §1343.

I.   Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343.

J.   Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343.

K.   Federal Wire  Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343.

L.   Federal Wire  Fraud re: Aiding and Abetting a Conspiracy: Title

52

18 U.S.C.A. §1343.

M.   Federal Intangible Personal Property Right Deprivation: Title 18 U.S.C.A. §1346.

N.   Federal Racketeering :Title 18 U.S.C.A. §1952.

O.   Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952.

P.   Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952.

Q.   Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952.

R.   Federal Racketeering re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §1952.

S.   Federal Money Laundering: Title 18 U.S.C. §1956.

T.   Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C. §1956.

U.   Federal Money Laundering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1956.

V.   Federal Money Laundering re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §1956

W.   Federal Money Laundering re: Conspiracy: Title 18 U.S.C. §1956(h).

X.   Federal Money Laundering re: Aiding and Abetting a Conspiracy: Title 18 U.S.C. §1956(h).

Y.   Federal Money Laundering re: Conspiracy to Aid and Abet: Title 18 U.S.C. §1956(h).

Z.   Federal Criminally Derived  Property: Title 18 U.S.C. §1957.

AA.   Federal Criminally Derived Property re: Aiding and Abetting: Title 18 U.S.C. §1957.

BB.   Federal Criminally Derived Property re: Conspiracy: Title 18

U.S.C. §1957.

CC.  Federal Criminally Derived Property re: Aiding and Abetting a Conspiracy: Title 18 U.S.C. §1957.

DD.  Federal Criminally Derived Property re: Conspiracy to Aid and Abet: Title 18 U.S.C. §1957.

EE.  Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2314.

FF.  Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2314.

GG.  Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy: Title 18 U.S.C.A. §2314.

HH.  Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314.

II.  Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314.

JJ.  Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2315.

KK.  Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315.

LL.  Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion  re: Conspiracy: Title 18 U.S.C.A. §2315.

MM.  Federal Interstate Receipt of Transported Property Obtained by

Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2315.

NN.  Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2315.

60.  Plaintiff alleges that above activities and/or conduct engaged in by RICO defendants constituted a "pattern of racketeering activity," as that term is defined pursuant to Title 18 United States Code §1961(5) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]. Plaintiffs further allege that the activities and/or conduct engaged in by defendants was both related as to the ***modus operandi*** engaged in by said RICO defendants of depriving plaintiff of plaintiff's interests in business and/or property, and was continuous inasmuch as the activities and/or conduct engaged in by defendants exhibited a realistic, long term threat of continued future injury to plaintiff's interest in plaintiff's business and/or property.

61.  Plaintiffs have sustained damages and/or injuries to their interests in business and/or property as a result of defendants' activities and/or conduct, in an amount exceeding $1,000,000. Plaintiffs are entitled to recover compensatory damages, according to offer of proof at time of trial. Plaintiffs are also entitled to recover an award of exemplary and punitive damages. Plaintiffs are entitled to recover attorneys' fees, costs, and prejudgment interest.

///
///
///
///
///

55

1

*[RICO Recovery]*

2

3      62.     Plaintiff is   entitled to recover, pursuant to Title 18 United States Code

4   §1964©), treble damages in the amount to be determined by offer of proof at time of

5   trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation,

6   as well as damages arising from lost profits and/or lost business opportunities

7   attributable to the activities engaged in by defendants committed in furtherance of the

8   Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

9   U.S.C. §1961 et.seq.].

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

56

### SECOND  CLAIM FOR  RELIEF

*[For RICO Aiding and Abetting Primary Contravention of RICO Section 1962©) of  the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§ 2(a)-(b) and §1962©)]*

*[Against All Defendants]*

63.    For  Plaintiff's  Second    Claim for Relief, plaintiffs reallege  and incorporates Paragraph 1 through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

64.    Plaintiff alleges that RICO defendants specifically identified herein employed the  federal mails and/or  federal interstate wires,  as well as engaged in racketeering activity as alleged herein, to aid and abet the primary RICO § 1962©) contraventions committed by each other as alleged herein.

65.    Plaintiff alleges  that  the  RICO  defendants    were aware of the commission of the primary RICO contraventions committed by each and every one of them,  and  that said defendants  substantially assisted  in  the commission  of the primary RICO contraventions, thereby deriving a monetary  benefit as a result to the detriment of plaintiffs.

### *[RICO Recovery]*

66.    Plaintiff is   entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation, as well as  damages  arising  from lost  profits and/or  lost  business  opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

***THIRD CLAIM FOR RELIEF***

***[For  Contravention  of  RICO Section 1962©) of the Racketeer Influenced***
***and Corrupt Organizations Act of 1970]***

***["RICO"]***

***[Title 18 United States Code §1962©)]***

***[Respondeat Superior\Derivative Liability]***

***[Against Deutsche Bank USA and Deutsche Bank (AG), Only]***

67.    For  Plaintiff's    Third  Claim for Relief,  plaintiff realleges  and incorporates Paragraphs 1 through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

***[RICO Respondeat Superior\ Derivative Liability Contentions]***

68.    Plaintiff alleges that during all times material herein certain corporate officers, directors acted as agents, employees, directors, designees, officers, partners, representatives, and/or servants  acting upon  behalf of Deutsche Bank USA and Deutsche Bank (AG)  engaged in  the  fraudulent and  felonious  conduct  in such representative capacities, and that as a proximate result, Deutsche Bank USA and Deutsche Bank (AG)   derived a benefit thereby.

69.    Plaintiff alleges that Deutsche Bank USA and Deutsche Bank (AG) exercised    control,   management, and/or direction of certain corporate officers, directors   acted as  agents,  employees, directors, designees, officers, partners, representatives, and/or servants relative  to  the  complained of   fraudulent and felonious activities, with the intent to harm  plaintiff in plaintiff's   business and/or property  interests.

58

70.   Plaintiff alleges that the commission of the afore described fraudulent and felonious activities by said individuals employed by or associated with arose within the course and scope of their employ and/or agency with Deutsche Bank USA and Deutsche Bank (AG) , and therefore Deutsche Bank USA and Deutsche Bank (AG) are are vicariously liable for contravening RICO Section 1962©). Plaintiff further alleges that Deutsche Bank USA and Deutsche Bank (AG) ratified, authorized, acquiesced, and/or consented to the wrongful conduct of said individuals that proximately caused the injuries sustained by plaintiff to plaintiff's interests in business and/or property.

## *[RICO Recovery]*

71.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///

*FOURTH  CLAIM  FOR  RELIEF*

*[For  Contravention  of  RICO Section 1962©) of the Racketeer Influenced*
*and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962©)]*

*[<u>Respondeat</u> <u>Superior</u>\Derivative Liability]*

*[Against Alwado, Only]*

72.    For  Plaintiff's    Fourth    Claim for Relief,  plaintiff realleges  and incorporates Paragraphs 1 through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Respondeat Superior\ Derivative Liability Contentions]*

73.    Plaintiff alleges that during all times material herein Pepsik, Bahnsen, and certain corporate officers, directors  acted as agents, employees, directors, designees, officers, partners, representatives, and/or servants acting upon behalf of Alwado engaged in the fraudulent and felonious conduct in such representative capacities, and that as a proximate result, Alwado  derived a benefit thereby.

74.    Plaintiff alleges that Alwado  exercised  control, management, and/or direction of Pepsik, Bahnsen, and certain corporate officers, directors acted as agents, employees, directors, designees, officers, partners, representatives, and/or servants relative  to  the  complained  of   fraudulent and felonious activities, with the intent to harm  plaintiff in plaintiff's   business and/or  property  interests.

///

///

60

75.     Plaintiff alleges that the commission of the afore described fraudulent and felonious activities by said individuals employed by or associated with arose within the course and scope of their employ and/or agency with Alwado, and therefore Alwado is vicariously liable for contravening RICO Section 1962©). Plaintiff further alleges that Alwado ratified, authorized, acquiesced, and/or consented to the wrongful conduct of said individuals that proximately caused the injuries sustained by plaintiff to plaintiff's interests in business and/or property.

*[RICO Recovery]*

76.     Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///

61

*FIFTH CLAIM FOR RELIEF*

*[For  Contravention  of  RICO Section 1962©) of the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962©)]*

*[Respondeat Superior\Derivative Liability]*

*[Against Avalon,  Only]*

77.    For   Plaintiff's    Fifth  Claim  for  Relief,   plaintiff  realleges   and incorporates Paragraphs 1 through 50.

*[RICO Respondeat Superior\ Derivative Liability Contentions]*

78.    Plaintiff alleges that during all times material herein Roush, and certain corporate  officers,  directors   acted  as  agents,  employees,  directors,  designees, officers, partners, representatives, and/or servants acting upon behalf of Avalon engaged in the fraudulent and felonious conduct in such representative capacities, and that as a proximate result,  Avalon derived a benefit thereby.

79.    Plaintiff alleges that Avalon   exercised   control,  management, and/or direction  of  Roush,  and  certain  corporate  officers,  directors   acted  as  agents, employees, directors, designees, officers, partners, representatives, and/or servants relative  to  the  complained  of   fraudulent and felonious activities, with the intent to harm  plaintiff in plaintiff's   business and/or  property  interests.

///
///
///
///

62

80.     Plaintiff alleges that the commission of the afore described fraudulent and felonious activities by said individuals employed by or associated with arose within the course and scope of their employ and/or agency with Avalon, and therefore Alwado is vicariously liable for contravening RICO Section 1962©). Plaintiff further alleges that Avalon ratified, authorized, acquiesced, and/or consented to the wrongful conduct of said individuals that proximately caused the injuries sustained by plaintiff to plaintiff's interests in business and/or property.

*[RICO Recovery]*

81.     Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///

*SIXTH  CLAIM  FOR  RELIEF*

*[For RICO Aiding and Abetting a RICO Section 1962(d) Conspiracy*

*Contravention of RICO Section 1962©) of  the Racketeer Influenced and*

*Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§ 2(a)-(b) and §§1962(c)-1962(d)]*

*[Against All Defendants]*

82.    For    Plaintiff's Sixth   Claim for Relief, plaintiff realleges    and incorporates  Paragraphs 1 through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

83.    Plaintiff alleges that RICO defendants employed the  federal mails and/or federal interstate wires, as well as engaged in racketeering activity as alleged herein, to aid and abet the RICO § 1962(d) contravention committed by  defendants and other RICO persons unknown to plaintiffs as alleged herein above.

84.    Plaintiff alleges that the RICO defendants  were knowledgeable and aware of the   commission   of the primary RICO contraventions committed in connection with the  RICO §1962(d) conspiracy,   and   that RICO defendants substantially assisted   in  the commission of  the  primary RICO contraventions, thereby deriving a monetary  benefit as a result to the detriment of plaintiff.

85.    Plaintiff alleges that RICO defendants  aided and abetted a RICO Section 1962(d) conspiracy  between said defendants to  contravene RICO  Section 1962©) to injure and/or damage  plaintiff's  interests  in business and/or property.

*[RICO Recovery]*

86.     Plaintiff is   entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

65

*SEVENTH   CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962©) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962©)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All  Defendants]*

87.    For  Plaintiff's  Fifth   Claim  for  Relief,   plaintiff  realleges  and incorporates Paragraphs 1  through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

88.    Plaintiff alleges  that commencing in 1 October 2010,  and during all times  material  herein,  RICO  defendants  mutually  agreed  to  engage  in  the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962©) contraventions, that the objective of that mutual agreement was  to  destroy  plaintiff's  interests  in  business  and/or  property,  and  that  such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///
///
///
///

89.     Plaintiff alleges that RICO defendants employed the federal mails and/or federal interstate wires, as well as engaged in racketeering activity as alleged herein, to aid and abet the primary RICO § 1962©) contraventions committed by defendants and other RICO persons unknown to plaintiffs as alleged herein above.

90.     Plaintiff alleges that the RICO defendants were knowledgeable and aware of the commission of the primary RICO contraventions committed, and that defendants substantially assisted in the commission of the primary RICO contraventions, thereby deriving a monetary benefit as a result to the detriment of plaintiffs.

91.     Plaintiff alleges that defendants aided and abetted a RICO Section 1962(d) conspiracy between said defendants to contravene RICO Section 1962©) to injure and/or damage plaintiff's interests in business and/or property.

92.     Plaintiff allege that defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962©) contraventions committed by defendant inasmuch as:

        A.        Defendants engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;

        B.        Defendants are members of the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962©);

        C.        Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962©);

        D.        Defendants are members of the RICO §1962(d)

conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

E.     The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

## *[RICO Recovery]*

93.    Plaintiff is  entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///

68

*EIGHTH  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962©) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]* <u>RE</u>*: RICO §1962(d) Conspiracy to Commit RICO Aiding and*

*Abetting*

*[Title 18 United States Code §1962©)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

94.    For Plaintiffs' Eighth  Claim  for  Relief,  plaintiff realleges and incorporates Paragraphs 1  through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

95.    Plaintiff alleges that commencing on or about 1 October, 2010,   and during all times material herein, RICO defendants mutually agreed to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962©) contraventions, that the objective of that mutual agreement was  to  destroy  plaintiff's  interests  in  business  and/or  property,  and  that  such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

96.    Plaintiff alleges that the RICO defendants  employed  the  federal mails and/or  federal interstate wires,  as well as engaged in racketeering activity as alleged

herein, to aid and abet the primary RICO § 1962©) contraventions committed by defendants as alleged herein above.

97.     Plaintiff alleges that RICO defendants were knowledgeable and aware of the commission of the primary RICO contraventions committed, and that said defendant s substantially assisted in the commission of the primary RICO contraventions by defendants, thereby deriving a monetary benefit as a result to the detriment of plaintiff.

98.     Plaintiff alleges that RICO defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the aiding and abetting RICO Section 1962©) contraventions committed by defendants inasmuch as:

        A.        Defendants engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;

        B.        Defendants are members of the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962©);

        C.        Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962©);

        D.        Defendants are members of the RICO §1962(d) conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity;

and,

E.       The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

*[RICO Recovery]*

99.     Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///

71

*NINTH  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962©) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"] [Title 18 United States Code §1962©)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RICO Conspiracy to Conceal]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

100.   For Plaintiff's Ninth Claim  for Relief,  plaintiff   realleges and incorporate herein  Paragraphs 1  through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions re: RICO Conspiracy to Conceal Artifice and Scheme to Defraud ]*

101.   Plaintiff alleges that commencing in 1 October 2010,  and at during all times material herein, RICO defendants mutually  agreed   to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962©) contraventions, that the objective of that mutual agreement was to destroy plaintiffs' interests in  business   and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

102.   Plaintiff alleges that  conspired  with  each  other, and other persons and/or entities presently unknown  to  plaintiff, to destroy  plaintiff's  interests in business  and/or  property, with the specific intent to frustrate, dissuade, and/or

discourage legal efforts to recover against defendants.

103.   Plaintiff allege that RICO defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962©) contraventions committed by defendants inasmuch as:

A.      Defendants engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;

B.      Defendants are members of the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962©);

C.      Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962©);

D.      Defendants are members of the RICO §1962(d) conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

E.      The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

73

*[RICO Recovery]*

104.   Plaintiff is  entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

74

*TENTH  CLAIM  FOR  RELIEF*

*[For Commission of  Primary Substantive Contravention of RICO Section 1962(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO § 1962(a) ENTERPRISAL INVESTMENT PROCEEDS FRAUD"]*

*["RICO"]*

*[Title 18 United States Code §1962(a)]*

*[Against Avalon and Roush, Only]*

105.   For  Plaintiff's  Tenth  Claim  for  Relief,  plaintiff  realleges    and  incorporates  Paragraphs 1 through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Title 18 United States Code Section 1961(B) Predicate Offense Contraventions re: Title 18 U.S.C. §§ 2, 1341, 1343, 1346, 1951, 1952, 1956, 1957, 2314, and 2315]*

Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b)

Federal Mail Fraud: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1341

Federal Wire Fraud: Title 18 U.S.C.A. §1343

75

1  Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343

2  Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343

3  Federal Wire  Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343

4  Federal Wire  Fraud re: Aiding and Abetting a Conspiracy:

5  Title 18 U.S.C.A. §1343

6  Federal Intangible Personal Property Right Deprivation: Title 18 U.S.C.A. §1346

7  Federal Racketeering :Title 18 U.S.C.A. §1952

8  Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952

9  Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952

10  Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952

11  Federal Racketeering re: Aiding and Abetting a Conspiracy:

12  Title 18 U.S.C.A. §1952

13  Federal Money Laundering: Title 18 U.S.C. §1956

14  Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C. §1956

15  Federal Money Laundering  re: Conspiracy to Aid and Abet:

16  Title 18 U.S.C.A. §1956

17  Federal Money Laundering re: Aiding and Abetting a Conspiracy:

18  Title 18 U.S.C.A. §1956

19  Federal Money Laundering re: Conspiracy: Title 18 U.S.C. §1956(h)

20  Federal Money Laundering re: Aiding and Abetting a Conspiracy:

21  Title 18 U.S.C. §1956(h)

22  Federal Money Laundering re: Conspiracy to Aid and Abet:

23  Title 18 U.S.C. §1956(h)

24  Federal Criminally Derived  Property: Title 18 U.S.C. §1957.

25  Federal Criminally Derived Property re: Aiding and Abetting:

26  Title 18 U.S.C. §1957

27  Federal Criminally Derived Property re: Conspiracy: Title 18 U.S.C. §1957

28  Federal Criminally Derived Property re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Conspiracy to Aid and Abet:

Title 18 U.S.C. §1957

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet:

Title 18 U.S.C.A. §2315

106.   Plaintiff alleges that RICO defendants engaged in the aforementioned activities, with the intent to harm  plaintiff's interest  in business and/or property.

77

Plaintiff alleges that the fraudulent activity engaged by defendants injured plaintiffs' business and/or property in connection with their business activities that affect federal interstate commerce, resulting in loss of plaintiff's property interests, business opportunities, and monies.

*[RICO Title 18 United States Code § 1961(5) Pattern of Racketeering Activity]*

107.   Plaintiff alleges that the afore described activities constitute conduct engaged in by defendants to deprive plaintiffs of their interest in business and/or property, by and through commission of federal mail fraud, federal wire fraud, federal money laundering, federal interstate transportation and receipt of property obtained by fraud, false pretense, and/or conversion, and federal racketeering, and are therefore indictable as "racketeering activity," as that term is defined pursuant to Title 18 United States Code §1961(1)(B).

108.   Plaintiff alleges that the course of conduct engaged in by said defendants constitute both continuity and relatedness of the racketeering activity, thereby constituting a "pattern of racketeering activity, as that term is defined pursuant to Title 18 United State Code §1961(5).

109.   Plaintiff alleges that the afore described pattern of racketeering activity committed by defendants is both related and continuous inasmuch as it is designed and/or intended to cause damage and/or injury to the interest in business and/or property of plaintiff, and plaintiff reasonably believes and apprehends that such conduct shall and will continue prospectively with correlative long term injury.

///

///

///

78

1

*[RICO Section 1962(a) Enterprises and*

2

*RICO Section 1962(a) Enterprise Investment Injury]*

3

4        110.   Plaintiff   alleges   that RICO defendants were   employed   by and

5   associated with others, and engaged   in   conduct that constitutes a RICO §1961(5)

6   pattern of racketeering activity.  Plaintiff further alleges that RICO defendants  were

7   knowledgeable and aware of the activities of these RICO enterprises, and    that

8   defendants  facilitated  and    furthered  the  RICO  §1962(d)  conspiracies  alleged

9   herein, for  the  purpose  and  objective  of  damaging  and/or   injuring  plaintiff's

10   interests in plaintiff's  businesses and/or properties.

11

12        111.   Plaintiff alleges that each of  the following configurations  constitute

13   a RICO "enterprise," as that term is defined pursuant to Title 18 United States Code

14   §1961(4) of  the  Racketeer  Influenced  and  Corrupt  Organizations  Act  of  1970

15   ["RICO"][Title 18 U.S.C. §1961(4)] and within the strictures of both   *Boyle v.*

16   *United States,* 129  S. Ct. 2237 (2009) and  *Odom  v. Microsoft Corp.,* 486 F.3d

17   541 (9th Cir. 2007)(en banc):

18           A.    ***RICO Enterprise No. 1:*** Roush and Avalon  constitute a RICO

19                 §1961(4)  enterprise, organized and maintained by  and  through

20                 a consensual  hierarchy of partners, managers, directors, officers,

21                 supervisors,  agents,  deputies,  and/or   representatives  of  a  law

22                 firm  that  formulate  and  implement  policies  relative  to  the

23                 promoting,   advancing and/or otherwise operating a business

24                 organization for the purpose of providing both domestic and

25                 international   monetary financing of business ventures.  The

26                 RICO  enterprise  is  engaged  in   facilitating,  furthering,  and

27                 promoting venture capital funding for business entities, providing

28                 start  up  financing,  re-financing,  and          related  financial

consultation programs, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires, as well as and providing documentary materials describing mechanical procedures pertaining to the placement of monetary funds derived from solicitations. Plaintiff alleges that RICO persons/ defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

B.   ***RICO Enterprise No. 2:***   Alwado, Pepsik, and Bahnsen constitute a RICO §1961(4) enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives of a law firm that formulate and implement policies relative to the promoting, advancing and/or otherwise operating a business organization for the purpose of providing both domestic and international monetary financing of business ventures.   The RICO enterprise is engaged in facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and related financial consultation programs, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal

mails and/or federal  interstate wires, as well as and providing documentary materials describing mechanical procedures pertaining to the placement of monetary funds derived from solicitations.  Plaintiff alleges that RICO  persons/ defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or  foreign commerce, and that said RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

C.  ***RICO Enterprise No. 3:***  Roush, Avalon,  Alwado, Pepsik, and Bahnsen constitute a RICO §1961(4)  enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives of a law firm that formulate and implement policies relative to the  promoting,  advancing and/or otherwise operating a business organization for the purpose of providing both domestic and international monetary financing of business ventures.   The RICO enterprise is engaged in   facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and  related financial  consultation  programs,  both  domestically  and internationally,  including, but not restricted to, the raising of monetary  funds by and through solicitation, employing federal mails and/or federal  interstate wires, as well as and providing documentary materials describing mechanical procedures pertaining  to  the  placement  of  monetary  funds  derived  from

solicitations.  Plaintiff alleges that RICO  persons/ defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or  foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

D.   ***RICO Enterprise No. 4:***  Avalon constitutes a RICO §1961(4) enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives of a law firm that formulate and implement policies relative to the  promoting, advancing and/or otherwise operating a business organization for the  purpose of providing both domestic  and  international monetary financing of business ventures.  The RICO enterprise is engaged in  facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and   related financial consultation programs, both domestically and internationally, including, but not restricted to, the raising of monetary  funds by and through solicitation, employing federal mails and/or federal  interstate wires, as well as and providing documentary materials describing mechanical procedures pertaining to the placement of monetary funds derived from solicitations.    Plaintiff alleges that RICO   persons/ defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect,

federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

112. Plaintiff alleges that in committing the acts, omissions, misrepresentations, and breaches referred to herein between 1 October 2010, and continuing up through and including the initiation of these proceedings, RICO defendants engaged in a RICO §1961(5) pattern of racketeering activity in contravention of Title 18 United States Code §1962(a).

113. Plaintiff further alleges that RICO defendants engaged in a RICO §1961(5) pattern of racketeering activity, receiving proceeds and/or income derived therefrom, and investing plaintiffs' monetary funds and/or monetary proceeds and/or income to acquire, maintain, operate, and/or establish, directly and/or indirectly, of the RICO § 1961(4) enterprises identified herein above, and that said RICO enterprises are engaged in activities that affect federal interstate and/or foreign commerce.

114. Plaintiff alleges that plaintiff sustained injuries to plaintiff's interests in business and/or property as a direct and proximate cause of RICO defendants' investment of income and/or proceeds to the afore mentioned RICO §1961(4) enterprises, constituting RICO enterprise investment injuries as follows:

★ Plaintiffs' lost business investment opportunities attributable to defendants' reassurances, thereby frustrating, impairing, and impeding plaintiffs' right and ability to recover said monies;

★ Avalon is patently void of independent legal significance,

financial  and economic sustenance, was, and continue to be, insufficiently and/or undercapitalized.   Plaintiff alleges that Roush interposed Avalon between himself and plaintiff  for purposes of immunizing himself from direct personal liability exposure by creating and operating Avalon as a mere  subterfuge, a shell, a sham, an alter ego,   and artificial instrumentality exclusively for the purpose of acquiring and obtaining plaintiff's monies, and the monies of similarly situated victims.

### [RICO Recovery]

115.   Plaintiff is entitled to recover, pursuant to Title 18 United States  Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunies attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///

84

***ELEVENTH  CLAIM FOR  RELIEF***

***[For RICO Aiding and Abetting Primary Contravention of RICO Section 1962(a) of  the Racketeer Influenced and Corrupt Organizations Act of 1970]***

***["RICO"]***

***[Title 18 United States Code §§ 2(a)-(b) and §1962(a)]***

***[Against All Defendants]***

116.   For  Plaintiff's Eleventh Claim for Relief, plaintiffs reallege  and incorporates Paragraph 1 through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

117.   Plaintiff alleges that RICO defendants specifically identified herein employed the  federal mails and/or  federal interstate wires,  as well as engaged in racketeering activity as alleged herein, to aid and abet the primary RICO § 1962(a) contraventions committed by each other as alleged herein.

118.   Plaintiff alleges that the RICO defendants  were aware of the commission of the primary RICO contraventions committed by each and every one of them,  and  that said defendants  substantially assisted   in   the commission  of the  primary RICO contraventions, thereby deriving a monetary  benefit as a result to the detriment of plaintiffs.

***[RICO Recovery]***

119.   Plaintiff is   entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

***TWELFTH  CLAIM FOR RELIEF***

***[For  Contravention  of  RICO Section 1962(a) of the Racketeer Influenced***
***and Corrupt Organizations Act of 1970]***

***["RICO"]***

***[Title 18 United States Code §1962(a)]***

***[Respondeat Superior\Derivative Liability]***

***[Against Deutsche Bank USA and Deutsche Bank (AG), Only]***

120.   For Plaintiff's  Twelfth  Claim for Relief,  plaintiff realleges  and incorporates Paragraphs 1 through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

***[RICO Respondeat Superior\ Derivative Liability Contentions]***

121.   Plaintiff alleges that during all times material herein certain corporate officers, directors acted as agents, employees, directors, designees, officers, partners, representatives, and/or servants acting upon behalf of Deutsche Bank USA and Deutsche Bank (AG)  engaged in the fraudulent and felonious conduct in such representative capacities, and that as a proximate result, Deutsche Bank USA and Deutsche Bank (AG)   derived a benefit thereby.

122.   Plaintiff alleges that Deutsche Bank USA and Deutsche Bank (AG) exercised    control,   management, and/or direction of certain corporate officers, directors   acted as agents, employees, directors, designees, officers, partners, representatives, and/or servants relative  to  the  complained of   fraudulent and felonious activities, with the intent to harm  plaintiff in plaintiff's   business and/or property  interests.

86

123.   Plaintiff alleges that the commission of the afore described fraudulent and felonious activities by said individuals employed by or associated with arose within the course and scope of their employ and/or agency with Deutsche Bank USA and Deutsche Bank (AG) , and therefore Deutsche Bank USA and Deutsche Bank (AG) are are vicariously liable for contravening RICO Section 1962(a). Plaintiff further alleges that Deutsche Bank USA and Deutsche Bank (AG) ratified, authorized, acquiesced, and/or consented to the wrongful conduct of said individuals that proximately caused the injuries sustained by plaintiff to plaintiff's interests in business and/or property.

## [RICO Recovery]

124.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///

87

### THIRTEENTH  CLAIM  FOR  RELIEF

*[For  Contravention  of  RICO Section 1962(a) of the Racketeer Influenced*

*and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962(a)]*

*[Respondeat Superior\Derivative Liability]*

*[Against Alwado, Only]*

125.   For  Plaintiff's   Thirteenth   Claim for Relief,  plaintiff realleges  and incorporates Paragraphs 1 through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

### *[RICO Respondeat Superior\ Derivative Liability Contentions]*

126.   Plaintiff alleges that during all times material herein Pepsik, Bahnsen, and certain  corporate officers, directors   acted  as agents,  employees, directors, designees, officers, partners, representatives, and/or servants acting upon behalf of Alwado  engaged in the  fraudulent  and  felonious  conduct  in  such  representative capacities, and that as a proximate result, Alwado  derived a benefit thereby.

127.   Plaintiff alleges that Alwado  exercised  control,  management, and/or direction of Pepsik, Bahnsen, and certain corporate officers, directors  acted as agents, employees, directors, designees, officers, partners, representatives, and/or servants relative  to  the  complained  of   fraudulent\and felonious activities,  with the intent to harm  plaintiff in plaintiff's   business and/or  property  interests.

///

///

88

128.   Plaintiff alleges that the commission of the afore described fraudulent and felonious activities by said individuals employed by or associated with arose within the course and scope of their employ and/or agency with Alwado, and therefore Alwado is vicariously liable for contravening RICO Section 1962(a). Plaintiff further alleges that Alwado ratified, authorized, acquiesced, and/or consented to the wrongful conduct of said individuals that proximately caused the injuries sustained by plaintiff to plaintiff's interests in business and/or property.

*[RICO Recovery]*

129.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///

89

*FOURTEENTH  CLAIM FOR RELIEF*

*[For  Contravention  of  RICO Section 1962(a) of the Racketeer Influenced*

*and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962(a)]*

*[Respondeat Superior\Derivative Liability]*

*[Against  Avalon,  Only]*

130.   For  Plaintiff's   Fourteenth  Claim for Relief,  plaintiff realleges  and incorporates Paragraphs 1 through 50,  and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Respondeat Superior\ Derivative Liability Contentions]*

131.   Plaintiff alleges that during all times material herein Roush, and certain corporate officers,  directors    acted  as  agents,  employees,  directors,  designees, officers, partners, representatives, and/or servants acting  upon  behalf of  Avalon engaged in the fraudulent and felonious conduct in such representative capacities, and that as a proximate result,  Avalon derived a benefit thereby.

132.   Plaintiff alleges that Avalon  exercised   control,  management, and/or direction of Roush, and  certain  corporate officers,  directors   acted  as  agents, employees, directors, designees, officers, partners, representatives, and/or servants relative  to  the  complained  of   fraudulent\and felonious activities, with the intent to harm  plaintiff in plaintiff's   business and/or  property  interests.

///

///

90

133.   Plaintiff alleges that the commission of the afore described fraudulent and felonious activities by said individuals employed by or associated with arose within the course and scope of their employ and/or agency with Avalon, and therefore Avalon is vicariously liable for contravening RICO Section 1962(a). Plaintiff further alleges that Avalon ratified, authorized, acquiesced, and/or consented to the wrongful conduct of said individuals that proximately caused the injuries sustained by plaintiff to plaintiff's interests in business and/or property.

*[RICO Recovery]*

134.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///

91

### FIFTEENTH  CLAIM  FOR  RELIEF

*[For RICO Aiding and Abetting a RICO Section 1962(d) Conspiracy*
*Contravention of RICO Section 1962(a) of the Racketeer Influenced and*
*Corrupt Organizations Act of 1970]*
*["RICO"]*
*[Title 18 United States Code §§ 2(a)-(b) and §§1962(a)-1962(d)]*
*[Against All Defendants]*

135.   For   Plaintiff's Fifteenth Claim for Relief, plaintiff realleges   and incorporates  Paragraphs 1 through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

136.   Plaintiff alleges that RICO defendants employed the  federal mails and/or federal interstate wires,  as well as engaged in racketeering activity as alleged herein, to aid and abet the RICO § 1962(d) contravention committed by  defendants and other RICO persons unknown to plaintiffs as alleged herein above.

137.   Plaintiff alleges that the RICO defendants  were knowledgeable and aware of the   commission   of the primary RICO contraventions committed in connection with  the  RICO §1962(d) conspiracy,   and   that RICO defendants substantially assisted   in   the commission  of the  primary RICO contraventions, thereby deriving a monetary  benefit as a result to the detriment of plaintiff.

138.   Plaintiff  alleges  that RICO defendants  aided  and  abetted a  RICO Section 1962(d) conspiracy  between said defendants  to  contravene RICO  Section 1962(a) to injure and/or damage  plaintiff's  interests  in business and/or property.

1

*[RICO Recovery]*

2

3      139.   Plaintiff is   entitled to recover, pursuant to Title 18 United States Code

4   §1964©), treble damages in the amount to be determined by offer of proof at time of

5   trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation,

6   as well as damages arising from lost profits and/or lost business opportunities

7   attributable to the activities engaged in by defendants committed in furtherance of the

8   Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

9   U.S.C. §1961 et.seq.].

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

93

*SIXTEENTH   CLAIM   FOR   RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(a) of*
*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962(a)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All  Defendants]*

140.   For Plaintiff's Sixteenth   Claim for Relief,  plaintiff realleges and incorporates Paragraphs 1  through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

141.   Plaintiff alleges  that commencing in 1 October 2010,  and during all times  material  herein,  RICO  defendants  mutually  agreed  to  engage  in  the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962(a) contraventions, that the objective of that mutual agreement was  to  destroy  plaintiff's  interests  in  business  and/or  property,  and  that  such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///
///
///
///

142.   Plaintiff alleges that RICO defendants employed the  federal mails and/or federal interstate wires, as well as engaged in racketeering activity as alleged herein, to aid and abet the primary RICO § 1962(a) contraventions committed by defendants and other RICO persons unknown to plaintiffs as alleged herein above.

143.   Plaintiff alleges that the RICO defendants  were knowledgeable and aware of the commission of the primary RICO contraventions committed,  and that defendants substantially assisted   in    the commission of  the  primary RICO contraventions, thereby deriving a monetary  benefit as a result to the detriment of plaintiffs.

144.   Plaintiff alleges that defendants  aided and  abetted a  RICO Section 1962(d) conspiracy  between said defendants to  contravene RICO  Section 1962(a) to injure and/or damage  plaintiff's  interests  in business and/or property.

145.   Plaintiff allege that defendants are   conspiratorially liable   under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962(a) contraventions committed by defendant inasmuch as:

> A.     Defendants   engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;
>
> B.     Defendants are members of the RICO §1962(d) conspiracy designed and intended  to contravene RICO § 1962(a);
>
> C.     Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended  to  contravene RICO § 1962(a);
>
> D.     Defendants are   members   of the  RICO  §1962(d)

conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

E.      The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

*[RICO Recovery]*

146.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///

96

*SEVENTEENTH  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"] RE: RICO §1962(d) Conspiracy to Commit RICO Aiding and Abetting*

*[Title 18 United States Code §1962(a)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

147.   For Plaintiffs' Seventeenth  Claim for  Relief,  plaintiff realleges and incorporates Paragraphs 1  through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

148.   Plaintiff alleges that commencing on or about 1 October, 2010,   and during all times material herein, RICO defendants mutually agreed to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962(a) contraventions, that the objective of that mutual agreement was to destroy plaintiff's interests in business and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

149.   Plaintiff alleges that the RICO defendants  employed the  federal mails and/or  federal interstate wires,  as well as engaged in racketeering activity as alleged

herein, to aid and abet the primary RICO § 1962(a) contraventions committed by defendants as alleged herein above.

150.   Plaintiff alleges that RICO defendants were knowledgeable and aware of the commission of the primary RICO contraventions committed, and that said defendant s substantially assisted  in  the commission of the primary RICO contraventions by defendants, thereby deriving a monetary benefit as a result to the detriment of plaintiff.

151.   Plaintiff alleges that RICO defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the aiding and abetting RICO Section 1962(a) contraventions committed by defendants inasmuch as:

        A.        Defendants engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;

        B.        Defendants are members of the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(a);

        C.        Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(a);

        D.        Defendants are members of the RICO §1962(d) conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity;

and,

E.      The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

*[RICO Recovery]*

152.   Plaintiff is  entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is    also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///

99

*EIGHTEENTH   CLAIM   FOR   RELIEF*

*[For Commission of Conspiratorial   Contravention   of   RICO Section 1962(a) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"] [Title 18 United States Code §1962(a)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RICO Conspiracy to Conceal]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

153.   For Plaintiff's Eighteenth   Claim   for Relief,   plaintiff   realleges and incorporate herein   Paragraphs 1   through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions re: RICO Conspiracy to Conceal*

*Artifice and Scheme to Defraud ]*

154.   Plaintiff alleges that commencing in 1 October 2010,  and at during all times material herein, RICO defendants mutually   agreed    to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962(a) contraventions, that the objective of that mutual agreement was to destroy plaintiffs' interests in   business   and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

155.   Plaintiff alleges that  conspired  with  each  other, and other persons and/or entities presently unknown  to  plaintiff, to destroy  plaintiff's  interests in business  and/or  property, with the specific intent to frustrate, dissuade, and/or

1    discourage legal efforts to recover against defendants.

2

3        156.   Plaintiff allege that RICO defendants are conspiratorially liable under

4    application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640

5    (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO

6    Section 1962(a) contraventions committed by defendants inasmuch as:

7                          A.          Defendants engaged in the fraudulent activities that

8                                      constitute the RICO §1961(5) pattern of

9                                      racketeering activity;

10                         B.          Defendants are members of the RICO §1962(d)

11                                     conspiracy designed and intended to contravene

12                                     RICO § 1962(a);

13                         C.          Defendants engaged in activities in furtherance of

14                                     advancing and promoting the RICO §1962(d)

15                                     conspiracy designed and intended to contravene

16                                     RICO § 1962(a);

17                         D.          Defendants are members of the RICO §1962(d)

18                                     conspiracy at and during the time frame the

19                                     fraudulent activities were committed that constitute

20                                     the RICO §1961(5) pattern of racketeering activity;

21                                     and,

22                         E.          The offense fell within the scope of the unlawful

23                                     agreement and could reasonably have been foreseen

24                                     to be a necessary or natural consequence of the

25                                     unlawful agreement.

26

27

28

*[RICO Recovery]*

157.   Plaintiff is  entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

102

### NINETEENTH  CLAIM  FOR  RELIEF
*[For Commission of  Primary Contravention of RICO Section 1962(b) of the*
*Racketeer Influenced and Corrupt Organizations Act of 1970]*
*["RICO § 1962(b) ACQUISITION/CONTROL ENTERPRISAL FRAUD"]*
*["RICO"]*
*[Title 18 United States Code §1962(b)]*
*[Against Rush and Avalon, Only]*

158.   For Plaintiff's Nineteenth Claim for Relief, plaintiff realleges and incorporate  Paragraphs 1 through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Title 18 United States Code Section 1961(1)(B) Predicate Offense*
*Contraventions]*

Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b)

Federal Mail Fraud: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1341

Federal Wire Fraud: Title 18 U.S.C.A. §1343

Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343

1    Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343

2    Federal Wire  Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343

3    Federal Wire  Fraud re: Aiding and Abetting a Conspiracy:

4    Title 18 U.S.C.A. §1343

5    Federal Intangible Personal Property Right Deprivation: Title 18 U.S.C.A. §1346

6    Federal Racketeering :Title 18 U.S.C.A. §1952

7    Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952

8    Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952

9    Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952

10    Federal Racketeering re: Aiding and Abetting a Conspiracy:

11    Title 18 U.S.C.A. §1952

12    Federal Money Laundering: Title 18 U.S.C. §1956

13    Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C. §1956

14    Federal Money Laundering  re: Conspiracy to Aid and Abet:

15    Title 18 U.S.C.A. §1956

16    Federal Money Laundering re: Aiding and Abetting a Conspiracy:

17    Title 18 U.S.C.A. §1956

18    Federal Money Laundering re: Conspiracy: Title 18 U.S.C. §1956(h)

19    Federal Money Laundering re: Aiding and Abetting a Conspiracy:

20    Title 18 U.S.C. §1956(h)

21    Federal Money Laundering re: Conspiracy to Aid and Abet:

22    Title 18 U.S.C. §1956(h)

23    Federal Criminally Derived  Property: Title 18 U.S.C. §1957.

24    Federal Criminally Derived Property re: Aiding and Abetting:

25    Title 18 U.S.C. §1957

26    Federal Criminally Derived Property re: Conspiracy: Title 18 U.S.C. §1957

27    Federal Criminally Derived Property re: Aiding and Abetting a Conspiracy:

28    Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Conspiracy to Aid and Abet:

Title 18 U.S.C. §1957

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

and Conversion: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

and Conversion re: Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314

Federal Interstate Receipt of Transported Property Obtained by Fraud, False

Pretense, and Conversion: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False

Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False

Pretense, and Conversion  re: Conspiracy: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False

Pretense, and Conversion re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False

Pretense, and Conversion  re: Conspiracy to Aid and Abet:

Title 18 U.S.C.A. §2315

///

///

///

////

105

159.   Plaintiff alleges that RICO defendants engaged in the aforementioned activities, with the intent to harm  plaintiff's interest  in business and/or property. Plaintiff alleges that the   fraudulent activity engaged by  defendants injured plaintiffs' business and/or property in connection with their business activities that affect federal interstate commerce, resulting in loss of plaintiff's  property interests, business opportunities, and monies.

**[RICO  Title  18  United States Code § 1961(5) Pattern of Racketeering Activity]**

160.   Plaintiff alleges that the  aforementioned activities constitute conduct engaged in by  defendants  to  deprive  plaintiffs of their  interest in business and/or property,  by  and  through  commission  of federal mail  fraud,  federal  wire  fraud, federal   racketeering,  federal money laundering, federal  interstate  transportation and receipt of property obtained by fraud, false pretense, and/or conversion,  and federal racketeering, and are therefore indictable as "racketeering activity," as that term is defined  pursuant to Title 18 United States Code  §1961(1)(B).

161.   Plaintiff alleges that the course of conduct engaged in by RICO defendants  constitute both continuity  and  relatedness of the racketeering activity, thereby  constituting  a  "pattern  of  racketeering  activity,  as  that  term  is  defined pursuant to Title 18 U.S.C. §1961(5).

162.   Plaintiff alleges  that the aforementioned RICO  §1961(5) pattern of  racketeering activity committed by defendants is both related  and  continuous inasmuch  as  it is designed and/or intended to  cause  damage and/or injury to the interest in business and/or property  of  plaintiff,  and  plaintiff  reasonably believes and  apprehends that   such conduct shall and will continue prospectively with correlative long  term  injury.

*[RICO Section 1962(b) Enterprises and*
*RICO Section 1962(b) Acquisition/Control  Investment Injury]*

163.   Plaintiff alleges that each of  the following configurations  constitute a RICO "enterprise," as that term is defined pursuant to Title 18 United States Code §1961(4) of  the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961(4)] and within the strictures of both  *Boyle v. United  States,* 129  S. Ct. 2237 (2009) and  *Odom   v. Microsoft Corp.,* 486 F.3d 541 (9th Cir. 2007)(en banc):

    A.   ***RICO Enterprise No. 1:*** Roush and Avalon  constitute a RICO §1961(4)  enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or  representatives of a  law firm  that  formulate  and  implement  policies relative  to  the promoting,   advancing and/or otherwise operating a business organization  for  the purpose of providing  both domestic and international   monetary financing of business ventures.  The RICO enterprise is engaged in   facilitating,  furthering,  and promoting venture capital funding for business entities, providing start  up  financing,  re-financing,  and   related  financial consultation  programs,  both  domestically  and  internationally, including,  but not  restricted   to, the raising of monetary  funds by  and  through  solicitation,  employing  federal  mails  and/or federal  interstate wires, as well as and providing documentary materials  describing  mechanical  procedures  pertaining  to  the placement of monetary funds derived from solicitations.  Plaintiff alleges  that  RICO    persons/ defendants,  and  other  persons unknown to plaintiff, acting in concert therewith, are employed

by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or   foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

B. ***RICO Enterprise No. 2:***  Avalon constitutes a RICO §1961(4) enterprise, organized  and maintained by  and   through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives of a law firm that formulate and implement policies relative to the  promoting, advancing and/or otherwise operating a business organization for the  purpose  of  providing  both  domestic  and  international monetary financing of business ventures.  The RICO enterprise is engaged in   facilitating, furthering, and promoting venture capital funding for business entities, providing start up financing, re-financing, and   related financial consultation programs, both domestically and internationally, including, but not restricted to, the  raising  of  monetary   funds  by  and  through  solicitation, employing federal mails and/or federal  interstate wires, as well as and providing documentary materials describing mechanical procedures pertaining to the placement of monetary funds derived from  solicitations.     Plaintiff  alleges  that  RICO   persons/ defendants, and other persons unknown to plaintiff, acting in concert therewith,  are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or  foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or

participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

164.   Plaintiff alleges that in committing the acts, omissions, misrepresentations, and breaches referred to herein between 1 October 2010, and continuing up through and including the initiation of these proceedings, defendants engaged in a RICO  pattern of racketeering activity in contravention of Title 18 United States Code §1962(b).

165.   Plaintiff further alleges that RICO defendants engaged in a RICO §1961(5) pattern of racketeering activity, receiving proceeds and/or income derived therefrom, and investing said proceeds and/or income to acquire, maintain, operate, and/or establish,  directly and/or indirectly, of the   RICO §1961(4)   enterprises identified herein above, and that  said RICO §1961(4) enterprises are engaged in activities  that affect federal interstate and/or foreign commerce.

## *[RICO Recovery]*

166.   Plaintiff is entitled to recover, pursuant to Title 18 United States  Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

///

*TWENTIETH  CLAIM FOR RELIEF*

*[For  Contravention  of  RICO Section 1962(b) of the Racketeer Influenced*

*and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962(b)]*

*[Respondeat Superior\Derivative Liability]*

*[Against  Avalon,  Only]*

167.   For  Plaintiff's   Twentieth   Claim for Relief,  plaintiff realleges  and incorporates Paragraphs 1 through 50,  and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Respondeat Superior\ Derivative Liability Contentions]*

168.   Plaintiff alleges that during all times material herein Roush, and certain corporate  officers,  directors    acted  as  agents,  employees,  directors,  designees, officers, partners, representatives, and/or servants  acting  upon  behalf  of  Avalon engaged in the fraudulent and felonious conduct in such representative capacities, and that as a proximate result,  Avalon derived a benefit thereby.

169.   Plaintiff alleges that Avalon  exercised   control,  management,  and/or direction of Roush, and  certain  corporate  officers,  directors    acted  as  agents, employees, directors, designees, officers, partners, representatives, and/or servants relative  to  the  complained  of   fraudulent\and felonious activities, with the intent to harm  plaintiff in plaintiff's   business and/or  property  interests.

///

///

110

170.   Plaintiff alleges that the commission of the afore described fraudulent and felonious activities by said individuals employed by or associated with arose within the course and scope of their employ and/or agency with Avalon, and therefore Avalon is vicariously liable for contravening RICO Section 1962(b). Plaintiff further alleges that Avalon ratified, authorized, acquiesced, and/or consented to the wrongful conduct of said individuals that proximately caused the injuries sustained by plaintiff to plaintiff's interests in business and/or property.

*[RICO Recovery]*

171.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///

111

*TWENTY-FIRST  CLAIM  FOR  RELIEF*

*[For RICO Aiding and Abetting a RICO Section 1962(d) Conspiracy*

*Contravention of RICO Section 1962(b) of  the Racketeer Influenced and*

*Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§ 2(a)-(b) and §§1962(b)-1962(d)]*

*[Against All Defendants]*

172.   For  Plaintiff's Twenty-First  Claim for Relief, plaintiff realleges  and incorporates  Paragraphs 1 through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

173.   Plaintiff alleges that RICO defendants employed the  federal mails and/or  federal interstate wires,  as well as engaged in racketeering activity as alleged herein, to aid and abet the RICO § 1962(d) contravention committed by  defendants and other RICO persons unknown to plaintiffs as alleged herein above.

174.   Plaintiff alleges that the RICO defendants  were knowledgeable and aware of the   commission   of the primary RICO contraventions committed in connection  with  the  RICO §1962(d) conspiracy,   and   that RICO defendants substantially assisted   in   the commission  of  the  primary RICO contraventions, thereby deriving a monetary  benefit as a result to the detriment of plaintiff.

175.   Plaintiff  alleges  that RICO defendants  aided  and  abetted  a  RICO Section 1962(d) conspiracy  between said defendants  to  contravene RICO  Section 1962(b) to injure and/or damage  plaintiff's  interests  in business and/or property.

*[RICO Recovery]*

176.   Plaintiff is   entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

113

*TWENTY-SECOND  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(b) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962(b)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All  Defendants]*

177.   For Plaintiff's Twenty-Second  Claim for Relief,  plaintiff realleges and incorporates Paragraphs 1  through 50, and each and every claim for relief  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

178.   Plaintiff alleges  that commencing in 1 October 2010,  and during all times  material  herein,  RICO  defendants  mutually  agreed  to  engage  in  the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962(b) contraventions, that the objective of that mutual agreement was  to  destroy  plaintiff's  interests  in  business  and/or  property,  and  that  such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///
///
///
///

179.   Plaintiff alleges that RICO defendants employed the federal mails and/or federal interstate wires, as well as engaged in racketeering activity as alleged herein, to aid and abet the primary RICO § 1962(b) contraventions committed by defendants and other RICO persons unknown to plaintiff as alleged herein above.

180.   Plaintiff alleges that the RICO defendants were knowledgeable and aware of the commission of the primary RICO contraventions committed, and that defendants substantially assisted in the commission of the primary RICO contraventions, thereby deriving a monetary benefit as a result to the detriment of plaintiffs.

181.   Plaintiff alleges that defendants aided and abetted a RICO Section 1962(d) conspiracy between said defendants to contravene RICO Section 1962(b) to injure and/or damage plaintiff's interests in business and/or property.

182.   Plaintiff allege that defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962(b) contraventions committed by defendant inasmuch as:

      A.      Defendants engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;

      B.      Defendants are members of the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(b);

      C.      Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(b);

      D.      Defendants are members of the RICO §1962(d)

conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

E.     The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**[RICO Recovery]**

183.   Plaintiff is  entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is    also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///

*TWENTY-THIRD  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(b) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"] RE: RICO §1962(d) Conspiracy to Commit RICO Aiding and*

*Abetting*

*[Title 18 United States Code §1962(b)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

184.   For Plaintiffs' Twenty-Third  Claim  for  Relief,  plaintiff realleges and incorporates Paragraphs 1  through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

185.   Plaintiff alleges that commencing on or about 1 October, 2010,   and during all times material herein, RICO defendants mutually agreed to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962(b) contraventions, that the objective of that mutual agreement was to destroy plaintiff's interests in business and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///

///

///

117

186.   Plaintiff alleges that the RICO defendants employed the federal mails and/or federal interstate wires, as well as engaged in racketeering activity as alleged herein, to aid and abet the primary RICO § 1962(b) contraventions committed by defendants as alleged herein above.

187.   Plaintiff alleges that RICO defendants were knowledgeable and aware of the commission of the primary RICO contraventions committed, and that said defendant s substantially assisted in the commission of the primary RICO contraventions by defendants, thereby deriving a monetary benefit as a result to the detriment of plaintiff.

188.   Plaintiff alleges that RICO defendants are conspiratorially liable under application of the ***Pinkerton*** Doctrine [***Pinkerton, v. United States***, 328 U.S. 640 (1946) and ***Salinas, v. United States***, 522 U.S. 52 (1997)] for the aiding and abetting RICO Section 1962(b) contraventions committed by defendants inasmuch as:

        A.        Defendants engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;

        B.        Defendants are members of the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(b);

        C.        Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(b);

        D.        Defendants are members of the RICO §1962(d) conspiracy at and during the time frame the

fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

E.     The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

*[RICO Recovery]*

189.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///

119

*TWENTY-FOURTH  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(b) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"] [Title 18 United States Code §1962(b)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RICO Conspiracy to Conceal]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

190.   For Plaintiff's Twenty-Fourth  Claim for Relief, plaintiff realleges and incorporate herein  Paragraphs 1  through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions re: RICO Conspiracy to Conceal*

*Artifice and Scheme to Defraud ]*

191.   Plaintiff alleges that commencing in 1 October 2010,  and at during all times material herein, RICO defendants mutually  agreed    to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962(b) contraventions, that the objective of that mutual agreement was to destroy plaintiffs' interests in  business   and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

192.   Plaintiff alleges that  conspired  with  each  other, and other persons and/or entities presently unknown  to  plaintiff, to destroy  plaintiff's  interests in business  and/or  property, with the specific intent to frustrate, dissuade, and/or

120

1    discourage legal efforts to recover against defendants.

2

3         193.   Plaintiff allege that RICO defendants are conspiratorially liable under

4    application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640

5    (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO

6    Section 1962(b) contraventions committed by defendants inasmuch as:

7                            A.        Defendants engaged in the fraudulent activities that

8                                      constitute the RICO §1961(5) pattern of

9                                      racketeering activity;

10                           B.        Defendants are members of the RICO §1962(d)

11                                     conspiracy designed and intended to contravene

12                                     RICO § 1962(b);

13                           C.        Defendants engaged in activities in furtherance of

14                                     advancing and promoting the RICO §1962(d)

15                                     conspiracy designed and intended to contravene

16                                     RICO § 1962(b);

17                           D.        Defendants are members of the RICO §1962(d)

18                                     conspiracy at and during the time frame the

19                                     fraudulent activities were committed that constitute

20                                     the RICO §1961(5) pattern of racketeering activity;

21                                     and,

22                           E.        The offense fell within the scope of the unlawful

23                                     agreement and could reasonably have been foreseen

24                                     to be a necessary or natural consequence of the

25                                     unlawful agreement.

26

27

28

121

*[RICO Recovery]*

194.   Plaintiff is  entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

122

*TWENTY-FIFTH  CLAIM FOR  RELIEF*

*[For Ex Parte Temporary Restraining Order Relief and Order To Show Cause*

*re: Preliminary Injunction Pursuant to Rule 65 of the Federal Rules of Civil*

*Procedure  and  Sections1964(a)-(b) of the Racketeer Influenced and Corrupt*

*Organizations Act of 1970] ["RICO"]*

*[Title 18 United States Code §§1964(a)-(b)]*

*[Against Avalon and Roush, Only]*

195.   For Plaintiff's Twenty-Fifth  Claim for Relief,  plaintiff realleges and incorporate herein  Paragraphs 1  through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

196.   Plaintiff   has  no adequate remedy at law, and the conduct of these defendants will further harm and destroy plaintiff's  rights in plaintiff's  interest in business  or  property unless injunctive relief  issues immediately forthwith.

197.   Plaintiff  respectfully   petitions  this  Honourable Court, pursuant to FRCP Rule 65 and Title 18 U.S.C. §§1964(a)-(b), to immediately cause issuance of an *ex parte* temporary restraining order and an order to show cause *re*: issuance of preliminary injunctive relief to restrain and prohibit all defendants and their respective attorneys, accountants, agents, consultants, counselors, designees, employees, servants, deputies, nominees, representatives, directors, officers, trustees, partners, both general and limited, and any one acting pursuant to any power of attorney, general or limited, from continuing to interfere with plaintiffs'  business interests and properties, pending resolution of these proceedings at trial.

///

///

198.   Plaintiff has sustained damages in excess of $1,000,000 as a direct and   proximate  result of defendants' pattern of racketeering activity, as alleged herein above.

## *[RICO Recovery]*

199.   Plaintiff is  entitled to recover, pursuant to Title 18 United States Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff  is  also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

124

*TWENTY-SIXTH  CLAIM  FOR  RELIEF*

*[For Ex Parte Temporary Restraining Order Relief and Order To Show Cause re: Provisional Process Relief  Pursuant to Rule 64 of the Federal Rules of Civil Procedure  and  Sections1964(a)-(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970] ["RICO"]*

*[Title 18 United States Code §§1964(a)-(b)]*

*[Against Avalon and Roush, Only]*

200.   For Plaintiff's Twenty-Sixth  Claim for Relief,  plaintiff realleges and incorporate herein  Paragraphs 1  through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

201.   Plaintiff   has  no adequate remedy at law, and the conduct of these defendants will further harm and destroy plaintiff's   rights in plaintiff's  interest in business  or   property unless appropriate California Code of Civil Procedure §§ 483.01, et.seq., provisional process  issues immediately forthwith.

202.  Plaintiff respectfully   petitions this  Honourable Court, pursuant to FRCP Rule 64 and Title 18 U.S.C. §§1964(a), to immediately cause issuance of appropriate California provisional process relief in the form of an ***ex parte*** temporary restraining order and an order to show cause re: issuance of preliminary injunctive relief to restrain and prohibit all defendants and their respective attorneys, accountants, agents, consultants, counselors, designees, employees, servants, deputies, nominees, representatives, directors, officers, trustees, partners, both general and limited, and any one acting pursuant to any power of attorney, general or limited, from continuing to interfere with plaintiffs'  business interests and properties, pending resolution of these proceedings at trial.

203.   Plaintiff has sustained damages in excess of $1,000,000 as a direct and   proximate   result of defendants' pattern of racketeering activity, as alleged herein above.

*[RICO Recovery]*

204.   Plaintiff is  entitled to recover, pursuant to Title 18 United States Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff  is  also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

126

*TWENTY-SEVENTH  CLAIM  FOR  RELIEF*

*[For Immediate Entry of Judgment and Appropriate Orders Commanding*
*Disgorgement  Pursuant   RICO Section 1964(a)-(b) of the Racketeer*
*Influenced and Corrupt Organizations Act of 1970]*
*["RICO"]*
*[Title 18 United States Code §§ 1964(a)-(b)]*
*[Against Roush and Avalon, Only]*

205.   For Plaintiff's Twenty-Seventh  Claim  for Relief,  plaintiff  realleges and incorporate herein  Paragraphs 1  through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

206.   Plaintiff alleges that during all times material herein that defendants Roush and Avalon, and each  and  everyone of them, directly and/or indirectly, derived profits  from the receipt  of  plaintiff's monies obtained by and through fraud and conversion  as alleged herein.

207.   Plaintiff alleges that said defendants, and each and everyone of them, and their agents, assigns, employees, representatives, servants, officers, directors, partners, attorneys, accountants, solicitors,   barristers,   counselors, nominees, deputies, and/or  those  acting  pursuant  to power of attorney, be commanded and ordered to disgorge all right, title, and interest in all proceeds  that legally belong and are due to plaintiff.

///
///
///
///

208.   Plaintiff alleges that disgorgement  is an appropriate equitable remedy to accord the protection and preservation of plaintiff's interests  in assuring receipt of the monetary proceeds legally owed to  plaintiff.   Plaintiff further alleges that such relief is  appropriate  pursuant    to RICO Sections 1964(a)-(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 USC Section 1964(a)-(b)].

209.   Plaintiff is entitled to recover attorneys' and costs incurred herein pursuant to RICO   Section 1964©) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18  U.S.C.  Section 1964©)].

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

*TWENTY -EIGHTH  CLAIM  FOR  RELIEF*

*[For Federal Declaratory Judgment Relief Pursuant to the*

*Federal Declaratory Judgment Act of 1940*

*[Title 28 U.S.C.§§ 2201-2202 ]*

*[Against Roush and Avalon, Only]*

210.   For Plaintiff's Twenty-Eighth Claim  for Relief,  plaintiff  realleges and incorporate herein  Paragraphs 1  through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

211.   An actual controversy has arisen and now exists between the plaintiff and defendants Roush and Avalon relating to the legal rights and duties of the plaintiff  and said defendants under the   written agreement executed between the parties as described herein above.

212.   A declaratory judgment is necessary in that plaintiff contend, and defendants Roush and Avalon deny, that plaintiff is not entitled to recovery of damages arising from the defendants' wilful and wanton repudiation of the terms and conditions of said written agreement.

213.   Plaintiff at all times material herein complied with the terms and conditions of the written agreement.

214.   Plaintiff alleges that Roush and Avalon materially breached the terms and conditions of the written agreement as alleged herein.

///

///

129

215.   Plaintiff alleges that such conduct exhibited by said defendants constitutes a repudiation and renunciation of the agreement, and, as such, constitutes a breach of contractual agreement between the parties, thereby resulting in damage and injury to plaintiff.

216.   Plaintiff respectfully petitions this Honourable Court to enter declaratory judgment against the defendants as follows:

♦   That this Honourable Court declare the respective rights and duties of the plaintiff and defendants Roush and Avalon, that is, plaintiff complied with the terms and conditions thereof at and during all times thereunder, that defendants Roush and Avalon engaged in and committed fraudulent and felonious activities under said agreement, and that said defendants are liable to plaintiff for recovery of damages.

217.   Plaintiff further requests recovery of attorneys' fees and costs incurred herein in connection with prosecuting this claim.

218.   Plaintiff respectfully petitions this Honourable Court for entry of judgment and appropriate orders consistent with the judicial declaration of rights.

///
///
///
///
///
///
///
///

1

### *TWENTY-NINTH  CLAIM  FOR  RELIEF*

2

### *[For Commission of Common Law Fraud]*

3

### *[Against Roush and Avalon, Only]*

4

5      219.   For Plaintiff's Twenty-Ninth Claim  for Relief,  plaintiff  realleges

6   and incorporate herein  Paragraphs 1  through 50, and each and every claim for relief

7   asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act

8   of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

9

10      220.   Plaintiff alleges that  defendants Roush and Avalon  represented  to

11   plaintiff  that said defendants would perform under the terms and conditions of the

12   written contractual agreement described herein above, that defendants represented to

13   plaintiff that in exchange for plaintiff tendering a mutually agreed upon amount of

14   monetary funds to  said  defendants,  plaintiff  would  inure  the  monetary  benefits

15   represented and confirmed within said written contractual agreement.

16

17      221.   Based  upon  defendants'  representations,  plaintiff   justifiably  relied

18   thereon  to plaintiff's  legal detriment, executed said written contractual agreement

19   and tendered said monetary funds to defendants.

20

21      222.   The representations  made by  said  defendants  were in fact material

22   misrepresentations of fact, as alleged herein.  Plaintiff  could not, through exercise

23   of reasonable diligence, have discovered the true facts regarding the representation

24   made by defendants.

25

26      223.   As a direct and proximate result of said defendants' conduct, plaintiff

27   sustained  loss  of  monies,  deprivation  of  business  opportunities,  diminished

28   reputation, and loss of character.

131

224.   Plaintiff seeks recovery of compensatory damages according to offer of proof at time of trial, including an award of lost profits.

225.   Plaintiff alleges that the conduct of said defendants as alleged herein constituted wilful, wanton, and reckless disregard for the rights of plaintiff.  Plaintiff experienced   mortification, loss of self esteem, diminution of reputation and character, and anxiety.  Plaintiff is entitled to recover an award of exemplary and punitive damages against defendants, individually, and jointly and severally, of not less than $1,000,000 per defendant.

226.   Plaintiffs are entitled   to   recover   attorneys' fees, costs, and prejudgment interest.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

132

### THIRTIETH  CLAIM  FOR  RELIEF
### *[For Commission of Common Law Conversion ]*
### *[Against Roush and Avalon,  Only]*

227.   For Plaintiff's Thirtieth  Claim  for Relief,  plaintiff  realleges and incorporate herein  Paragraphs 1  through 50, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

228.   Based upon  defendants' representations, plaintiff   justifiably relied thereon and to plaintiff's  legal detriment.  The  representations  made by said defendants were in fact material misrepresentations of   fact,  as alleged herein.  Plaintiff  could not, through exercise of reasonable diligence, have discovered  the true facts regarding the  representations made by defendants.

229.   Plaintiff alleges that said defendants Roush and Avalon have exercised substantial dominion and control over plaintiff's  interests in property, including  but not  limited  to, monies, revenues,  and/or  income legally owed to plaintiff.

230.   As a direct and proximate result of said defendants' conduct, plaintiff sustained  loss  of  monies,  deprivation  of  business  opportunities,  diminished reputation, and loss of character.

231.   Plaintiff  seeks  recovery of compensatory damages according to offer of  proof at time of trial, including an award of lost profits.

///

///

///

232.   Plaintiff alleges that the conduct of said defendants as alleged herein constituted wilful, wanton, and reckless disregard for the rights of plaintiffs. Plaintiff experienced mortification, loss of self esteem, diminution of reputation and character, and anxiety.  Plaintiff is entitled to recover an award of exemplary and punitive damages against defendants, individually, and jointly and severally, of not less than $1,500,000 per defendant.

233.   Plaintiff is     entitled   to   recover   attorneys' fees,   costs,   and prejudgment interest.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

### THIRTY -FIRST CLAIM FOR RELIEF

### *[For Disregard of Corporate Entity re: Alter Ego Liability re: Mere Subterfuges]*

### *[Against Roush and Avalon, Only]*

234.   For Plaintiff's Thirty-First  Claim  for Relief,  plaintiff  realleges and incorporate herein  Paragraphs 1  through 50, and each and every claim for relief asserted   pursuant  to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

235.   Plaintiff is informed and believes, and based thereon alleges    that defendants Roush and Avalon  function, act, and/or otherwise engage in activities and/or  conduct,  by  and  through  unknown  corporate  and/or  business  forms  in jurisdictions unknown to plaintiff, and  that  the  defendants are the owners, trustees, partners, directors, officers, majority shareholders, and/or managers in control    of the  such entities. Each and every  entity defendant, or business association, is void of  economic  substance,  are  employed  as  subterfuges  and/or  mere  conduit intermediaries, and alter egos of said individual defendants, individually.

236.   Plaintiff  respectfully    petitions   this Honourable Court to  declare each unknown   entity owned, managed, controlled, operated, and/or directed by defendants Roush  and  Avalon  void  of  legitimate  purpose,  that  their  forms  be extinguished, and the defendants be declared personally and individually liable  to plaintiff  for compensatory damages in an amount to be determined by offer of proof at time of trial, including an award of attorneys' fees, costs, and interest.

237.   As a proximate result of  the    conduct   practiced   by   defendants, plaintiff  has  sustained compensatory damages in an amount to be ascertained by offer of proof at time trial.

238.   As a direct and proximate result of said defendants' conduct, plaintiff has  sustained and  experienced loss of monies, loss of properties, deprivation of business opportunities, diminished reputation, and loss of character.

239.   Plaintiff  alleges that the conduct of said defendants as alleged herein constituted wilful, wanton, and reckless disregard for the rights of plaintiff.  Plaintiff sustained and   experienced   mortification,  loss  of  self  esteem,  diminution  of reputation and character.  Plaintiff is  entitled  to  recover an award of exemplary and punitive damages against defendants, individually, and jointly and severally, of not less than $1,500,000 per defendant.

240.   Plaintiff is  entitled  to  recover  attorneys' fees, costs, and prejudgment interest.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

136

***THIRTY-SECOND CLAIM FOR RELIEF***

***[For Immediate Issuance of Orders Dissolving RICO Enterprises***

***Pursuant to RICO Sections 1964(a)-)(b) of the Racketeer Influenced***

***and Corrupt Organizations Act of 1970] ["RICO"]***

***[Title 18 United States Code §1964(a)-(b)]***

***[Against Roush and Avalon, Only]***

241. For Plaintiff's Thirty-Second Claim for Relief, plaintiff realleges and incorporates Paragraphs 1 through 508, and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

242. Plaintiff respectfully petitions this Honourable Court, pursuant to Sections 1964(a)-(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§1964(a)-(b)], to issue an order immediately dissolving the following RICO §1961(4) enterprises inasmuch as said enterprises are each a mere subterfuge and/or alter ego vehicle for the afore mentioned RICO defendants to engage in felonious, fraudulent, corrupt, violent, and illegal conduct, as alleged herein:

♦ Avalon

***[RICO Recovery]***

243. Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

1

*THIRTY-THIRD  CLAIM FOR  RELIEF*

2

*[For RICO Constructive Trust Imposition and Impression  re: RICO Sections*

3

*1962(a)-(d),  and 1964(a)-(b) of the Racketeer Influenced and*

4

*Corrupt Organizations Act of 1970] ["RICO"]*

5

*[Title 18 United States Code §§ 1962(a)-(d),  and 1964(a)-(b)]*

6

*[Against Roush and Avalon, Only]*

7

8

244.   Plaintiffs, for   a Thirty-Third   Claim for Relief, realleges   and

9

incorporates herein Paragraphs 1 through 50, and incorporates each and every claim

10

for relief advanced under the   federal   Racketeer   Influenced and Corrupt

11

Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

12

13

245.   Plaintiff alleges  that RICO  defendants Roush and Avalon, acting in

14

concert with one another, and/or by and through nominees, designees, and/or

15

persons/entities acting pursuant to power of attorney, diverted, converted, stole,

16

obtained by false pretenses, fraud, and/or misrepresentation of material fact,

17

plaintiffs' monies and properties.

18

19

246.   Plaintiff alleges  that plaintiff's  legal remedy is inadequate, and

20

equitable relief in the form of a constructive trust be fashioned and applied in order

21

to assure plaintiffs' ability to successfully petition this Honourable Court  to obtain

22

appropriate equitable relief.

23

24

247.   Plaintiff alleges  that defendants' continued exercise of control

25

and dominion over plaintiff's  monies is both unconscionable and inequitable.

26

///

27

///

28

///

138

248.   Plaintiff respectfully petitions this Honourable Court, pursuant to RICO Title 18 U.S.C. §1964(a),   to issue an Order to impress a constructive trust upon defendants' and that the Order declare that each and every defendant be deemed a constructive trustee to hold the interests of plaintiff for the benefit of plaintiff.

*[RICO Recovery]*

249.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///

139

*THIRTY-FOURTH  CLAIM FOR  RELIEF*

*[For RICO Successorship Liability re: RICO Sections 1962(a)-(d),  and 1964(a)-*
*(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§ 1962(a)-(d),  and 1964(a)-(b)]*

*[Against Rush and Avalon, Only]*

250.   Plaintiff, for a Thirty-Fourth  Claim for Relief, realleges  and incorporate herein Paragraphs 1  through  50,  and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

251.   Plaintiff alleges that RICO defendants Roush and Avalon,   by and through the fraudulent and felonious acquisition, receipt, and/or  absorption  of plaintiff's monies, are  susceptible and/or  amenable  to successorship liability for contraventions of  the  federal  Racketeer  Influenced and  Corrupt  Organizations Act  of  1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

252.   Plaintiff alleges  that said  defendants, and each and everyone of them, and their agents, assigns, employees, representatives, servants, officers, directors, partners, attorneys, accountants, solicitors,   barristers,   counselors, nominees, deputies, and/or  those  acting  pursuant  to power of attorney, be commanded and ordered  to   divest all right, title, and interest in the  monies and/or  properties previously transmitted via wire transfer to said defendants.

///
///
///
///

140

253.  Plaintiff respectfully petitions this Honourable Court, pursuant to RICO Title 18 U.S.C. §§1964(a)-(b), to adjudicate and determine that, as a matter of law, that the aforesaid defendants be held liable, both personally and in their representative capacities, as a result of their transferring, disseminating, concealing, and/or otherwise transmitting plaintiffs' property interests to any and/or successor entities. Plaintiff alleges that such judicial adjudication apply to said defendants and to their respective attorneys, accountants, agents, consultants, counselors, designees, employees, servants, deputies, nominees, representatives, directors, officers, trustees, partners, both general and limited, and any one acting pursuant to any power of attorney, general or limited, and that they be restrained and enjoined from dissipating and/or otherwise disposing of any and all properties, real and/or personal, including all monies, within their possession and control, pending resolution of these proceedings at trial.

*[RICO Recovery]*

254.  Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964(c), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///

### ***PRAYER***

**WHEREFORE**, plaintiff prays for judgment against defendants, and each and every one of them, jointly and severally, as follows:

1.  For compensatory damages, according to offer of proof at time of trial, arising from contravention of RICO Sections 1962(a), (b), ©), and (d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code Section 1962(a)-(d)], trebled pursuant to RICO Section 1964©) [Title 18 United States Code Section 1964©)];

2.  For entry of judgment and appropriate orders for issuance of equitable relief pursuant to RICO Sections 1964(a)-(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code Section 1964(a)-(b),

3.  For recovery of attorneys' fees and costs arising from contravention of RICO Section 1962 of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code Section 1964©)];

4.  For prejudgment interest arising from contravention of RICO Section 1962of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code Section 1962];

5.  For federal declaratory judgment relief pursuant to the Federal Declaratory Judgment Act of 1940 [Title 28 United States Code §§ 2201-2202];

6.  For recovery under federal supplemental claims jurisdiction [Title 28 U.S.C. § 1367]; and,

7.  For such further and other relief as the Court deems just and proper in the premises.

Dated: 5 June 2011.          DEAN BROWNING WEBB
                             ATTORNEY AND COUNSELOR AT LAW

                             JOSEPH L. PITTERA
                             ATTORNEY AND COUNSELOR AT LAW


                        By:_____
                             DEAN BROWNING WEBB, WASH SBN # 10735
                             *ATTORNEYS AND COUNSELORS AT LAW
                             FOR PLAINTIFF:*
                             *EAST WEST TRADING GROUP, LLC, a Florida
                             limited liability corporation*

///

///

///

///

///

///

///

///

///

///

///

143

1

### DEMAND FOR TRIAL BY JURY

2

3      Plaintiff  hereby demand s   that this cause be tried before a jury pursuant to

4  the Seventh Amendment of the Constitution of the United States of America, Rule

5  38(b) of the  Federal Rules of Civil Procedure, Local  Civil Rule 38-1  of  the Local

6  Civil Rules of the United States District Court for the Central District of California.

7

8  Dated: 5  June 2011.                   DEAN BROWNING WEBB
                                          ATTORNEY AND COUNSELOR AT LAW
9
                                          JOSEPH L. PITTERA
10                                         ATTORNEY AND COUNSELOR AT LAW

11

12                             By:  /s/ *DEAN BROWNING  WEBB*
                                   DEAN BROWNING WEBB, WASH SBN # 10735
13                                 ***ATTORNEYS  AND  COUNSELORS  AT  LAW***
                                   ***FOR  PLAINTIFFS:***
14                                 ***EAST WEST TRADING GROUP, LLC, a Florida***
                                   ***limited liability corporation***
15

16

17

18

19

20

21

22

23

24

25

26

27

28